EMERY F. POTTER *vs.* J. C. MELLEN and another.

December 1, 1886.

**Deceit—Nominal Damages.**—It is error on the part of the trial court to take a case from the jury, where the evidence shows, or tends to prove, that the plaintiff is entitled to nominal damages, at least if the recovery of such damages will also entitle him to costs.

The plaintiff brought this action in the district court for Hennepin county, to recover damages alleged to have been caused by the deceit of the defendants in falsely representing the value of a laundry business sold by them to the plaintiff. The action was tried before *Koon,* J., and a jury, and, when plaintiff rested his case, was dismissed by the court on the ground that there was nothing to go to the jury. Plaintiff appeals from an order refusing a new trial.

*Thomas J. Leftwich,* for appellant.

*A. D. Polk,* for respondents.

Even if appellant was entitled to nominal damages, this court will not, for that reason, grant a new trial. *Warner* v. *Lockerby,* 31 Minn. 421; *Jones* v. *King,* 33 Wis. 422; *Jarvis* v. *Hatheway,* 3 John. 180.

VANDERBURGH, J. Action for deceit in the sale of a laundry, including the fixtures and good-will of the business. The evidence tended to show that the defendants falsely represented to the plaintiff that the weekly receipts of the business were largely in excess of what they actually were, and that the plaintiff was thereby induced to become the purchaser. This, if true, was sufficient to make out a case of actionable fraud, and for the recovery of such damages as plaintiff might be shown to have suffered. *Pilmore* v. *Hood,* 5 Bing. N. C. 97; Sedg. Dam. *91. The action was, however, dismissed by the court for insufficiency of the proof of damages. The price paid was *prima facie* evidence of the value of the property and business, as it was represented, but there is no direct evidence of the extent of the damages; that is to say, as to how much less the business was worth than it was represented. Yet there was some evidence of damage to go to

the jury.   Plaintiff must necessarily have been put to trouble and expense; and, according to the evidence in his behalf, he had been led to believe that the receipts exceeded the expenses by $20 or more per week, and that the business was a profitable one.   In this he was disappointed, and he lost his time and labor in attempting to carry it on, though the evidence also tended to show that the business and receipts increased under his management, with substantially the same expenditures as before; and, conceding that he was strictly entitled to nominal damages only, he would nevertheless be entitled to his costs.   *Greenman* v. *Smith*, 20 Minn. 370, (418.)   This action is not trivial or vexatious, nor does it belong to the class commonly called "hard actions."   By taking the case from the jury, the substantial rights of the plaintiff were violated, and for this error there should be a new trial.   *Smith* v. *Sutts*, 2 John. 9; *Eaton* v. *Lyman*, 30 Wis. 41; *Allaire* v. *Whitney*, 1 Hill, 484; Sedg. Dam. *51; 1 Suth. Dam. 13, 815.

Order reversed.