EMERY F. POTTER *vs.* J. C. MELLEN and another.

October 14, 1889.

Fraud—Evidence.—Evidence held sufficient to make a case for the jury.

Admissibility of certain evidence considered.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for alleged fraudulent representations of defendants in the sale to him of a laundry. After the decision of the former appeal, (reported 36 Minn. 122, 30 N. W. Rep. 438,) a new trial was had before *Hicks,* J., who directed a verdict for defendants. The plaintiff's motion for a new trial was denied, and he appeals from the judgment.

*Thos. J. Leftwich,* for appellant.

*A. D. Polk,* for respondents.

VANDERBURGH, J. It is not necessary to add much to what is said in the opinion upon the former appeal, 36 Minn. 122, (30 N. W. Rep. 438.) There was sufficient evidence to entitle plaintiff to have the case submitted to the jury, and we think a wider scope should have been given to the investigation on plaintiff's part. The complaint shows, in substance, among other things, that the laundry business purchased by plaintiff was represented by defendants to be large and remunerative, and to have amounted to $70 per week, with an established and valuable custom, and that such representations were false and fraudulent, and there is evidence tending to establish the truth of these allegations.

Evidence of the statements and representations of the defendants touching the nature of the business and extent and value of the custom was proper, as were also the admissions of the defendant Mellen made to Leftwich and Talerday after the sale upon the same subject, and tending to show that the business was in fact unprofitable and a losing one. The good-will of an established business in a particular community or neighborhood is deemed a subject of substantial value, because of the reasonable expectation of its continuance. Now, if plaintiff in this case continued the business under substantially the same conditions, and there was found to be a marked discrepancy

between the amount and value thereof and the state of the case as represented by the defendants, it is a circumstance proper to be considered upon the question of the truth of their alleged representations. Upon the question of damages, the plaintiff was entitled to prove the actual value of the fixtures and good-will of the business purchased and as represented to be.   His offer of such proof was proper, though, if it had been allowed, it would have been necessary that the witnesses should have been shown to be competent to speak on the subject.   No other points in the case need to be referred to.

Judgment reversed.