L. KIMBALL PRINTING CO. *vs.* SOUTHERN LAND IMPROVEMENT CO. *et al.*

Argued April 10, 1894. Modified April 20, 1894.

No. 8801.

**Appeal bond construed.**

Extra-statutory language found in a bond on appeal from an order denying a new trial, conditioned as required by 1878 G. S. ch. 86, § 10, construed. *Held*, the appeal in question having been dismissed on motion of plaintiff respondent because of appellant's failure to comply with Supreme Court rule XI, that, in an action on the bond, plaintiff, by virtue of the extra condition alone, was not entitled to recover the amount of the judgment entered in the court below subsequent to the dismissal.

**Costs on a recovery of less than $100.**

*Greenman* v. *Smith*, 20 Minn. 418, and *Potter* v. *Mellen*, 36 Minn. 122, followed as to the allowance of statutory costs in an action brought in District Court, and of which a justice of the peace has no jurisdiction where the damages recovered are less than $100.

CANTY, J., dissents on the last proposition.

Appeal by plaintiff, the L. Kimball Printing Company, from a judgment of the District Court of Hennepin County, *Henry G. Hicks,* J., entered October 16, 1893.

This action was commenced in the District Court against the Southern Land Improvement Company, principal, and F. Fremont

Reed and Jesse B. Butin, sureties, upon a bond made by them to plaintiff March 8, 1892, for $550 conditioned that if the Southern Land Improvement Company, a Kentucky corporation, should pay the costs of an appeal from the Municipal Court of the City of Minneapolis and the damages sustained by the L. Kimball Printing Company in consequence of the appeal, if the order appealed from should be affirmed or the appeal dismissed, and should abide by and satisfy the judgment or order which the appellate court might give therein and should pay the amount which might finally be recovered in the Municipal Court against the Southern Land Improvement Company after decision of the appeal, then the bond should be void, otherwise of force.

The bond was made under these circumstances. The L. Kimball Printing Company had obtained a decision February 15, 1892, granting it judgment in the Municipal Court against the Southern Land Improvement Company for $439.30 and interest. The Improvement Company had moved in that court for a new trial of that action, but had been denied and it was about to appeal therefrom to this court. To make the appeal and obtain a stay it executed this bond with sureties.

This court on October 5, 1892, dismissed that appeal because the appellant failed to print and serve copies of the return to this court as required by its rules. Judgment was entered in this court against the appellant for $19.25 costs. A mandate and transcript were sent down to the Municipal Court and on October 25, 1892, judgment was there entered upon the findings against the Southern Land Improvement Company for $494.05 including interest and costs. Execution was issued and was returned by the sheriff unsatisfied. Soon after the L. Kimball Printing Company brought this action on the appeal bond to recover of the sureties the amount of both judgments. The defendant Butin answered and the District Court made findings and ordered judgment for plaintiff for the $19.25 and interest, but refused judgment for the $494.05. The clerk taxed plaintiff's costs and disbursements on notice at $37.90. This included $10 statutory costs, but on defendants' application the District Court struck out this item of $10 and plaintiff obtained judgment for only $20.46 damages and $27.90 disbursements. Be-

ing dissatisfied the plaintiff appeals, and claims its judgment should have been for $513.30 and interest and for $37.90 costs and disbursements.

*Everett Moon,* for appellant.

The plaintiff was entitled to judgment for the $494.05 as well as for the $19.25, both were embraced in the terms of the appeal bond. *Clark* v. *Thorp,* 2 Bosw. 680; *Post* v. *Doremus,* 60 N. Y. 371; *Heebner* v. *Townsend,* 8 Abb. Pr. 234; *Oxford* v. *Paris,* 33 Me. 179; *Wenham* v. *Essex,* 103 Mass. 117; *Bell* v. *Bruen,* 1 How. 169; *Estey* v. *Skeckler,* 36 Wis. 434; *Merrill* v. *Dearing,* 24 Minn. 179; *Bank* v. *Willard,* 10 N. H. 210; *Ryan* v. *Webb,* 39 Hun, 435.

This action was brought for $513.30 damages and was one of which a justice of the peace had no jurisdiction and plaintiff was entitled to the $10 costs. *Greenman* v. *Smith,* 20 Minn. 418; *Potter* v. *Mellen,* 36 Minn. 122.

*F. B. Hart,* for respondent.

Plaintiff insists that the order of dismissal made upon its motion for failure of defendant to serve printed copies of the return was and constituted a decision of that case. From this view we dissent. Upon an appeal to this court it may reverse, affirm or modify the judgment or order appealed from. It has no statutory powers of dismissal whatsoever, except upon appellant's failure to furnish the court with copies of the notice of appeal and of the order or judgment roll. 1878 G. S. ch. 86, § 7. Such dismissal of the cause is not an adjudication of the questions involved. Upon dismissal being made another appeal can be at once taken. 1878 G. S. ch. 86, § 20. *Merrill* v. *Dearing,* 24 Minn. 179; *Schleuder* v. *Corey,* 30 Minn. 501.

The action of the District Court in disallowing the item of $10 costs was correct. 1878 G. S. ch. 67, § 2, provides that to entitle the plaintiff to statutory costs he must have obtained or be entitled to a judgment in his favor of $100 or more. *Greenman* v. *Smith,* 20 Minn. 418, is not in point. No objection was made in that case to taxation in the court below.

COLLINS, J.   The bond to be construed in this action was conditioned as required by 1878 G. S. ch. 86, § 10, and to the prescribed statutory conditions there was added the following: "And pay the amount, if any, which shall be finally recovered in said Municipal Court against defendant after decision of said Supreme Court." The appeal from an order denying defendants' motion for a new trial, referred to in the bond, was dismissed on motion of respondent plaintiff, for failure of appellant to serve his paper book and points and authorities.   Rules XI and XIV of this court.   The cause having been remitted, judgment was entered in the Municipal Court for the amount demanded in the complaint.   From that judgment no appeal was taken, and it stands as originally entered.

The question now presented is as to the liability of the sureties upon the bond for the full amount of the judgment in the Municipal Court.   On the trial of the present action the court held that the liability of the sureties arising out of the extra-statutory condition above quoted was simply for the amount of the judgment entered in this court on the order of dismissal.   The controlling words used and to be construed are, "after decision of the Supreme Court," and, of course, as against these sureties, they are to be construed with reasonable strictness.   It is contended by the appellant that a dismissal under the rules is a decision within their meaning, but we think not, as did the court below.   Certainly there was no decision upon the merits.   Every question which could have been presented on that appeal might have been raised subsequently on an appeal from the judgment.

Upon an appeal to this court it may, under the statute 1878 G. S. ch. 86, § 5, reverse, affirm, or modify the judgment or order appealed from, and in either case the merits are determined and a decision reached.   It has no statutory power to dismiss, except as provided in section 7.   For the proper and orderly transaction of its business the rules under which the appeal in question was disposed of were adopted, and, when there is a failure to comply with them, the court may dismiss.   If it abides by the rule and dismisses, or if, upon the other hand, it waives or excuses the noncompliance, there is no adjudication of the questions involved, no decision within the ordinary meaning of the word; nothing is determined or decided

but the motion to dismiss.    Let us suppose that, pending litigation, the parties to an action formally stipulate that it shall abide and be governed by the decision of the appellate court upon questions of the same nature to be presented in another action already pending upon appeal, and because of a failure to comply with the provisions of 1878 G. S. ch. 86, § 7, or to observe the rules, that appeal is dismissed.    It could not well be contended that the parties to the stipulation would be barred from asserting that there had been no decision within the meaning of the stipulation.

Again, under the rules of this court, the respondent on the former appeal was not confined to mere dismissal.    It could have obtained an affirmance of the order appealed from, and, had such a course been pursued, all questions which could have been raised on that appeal would have been foreclosed.    None of them could have been presented on an appeal from the judgment, affirmance under the rules being equivalent in such a case to a decision on the merits. In view of these rules, and the ordinary meaning of the word "decision" as used in legal instruments and proceedings, we are of the opinion that solely by virtue of the extra condition found in the bond, the plaintiff was not entitled to recover the amount of the judgment entered in the Municipal Court.

The amount recovered in the pending action was a trifle over $20, and, on taxation of costs and disbursements, plaintiff was allowed $10 as statutory costs.    But, on appeal, this item was rejected.    In *Greenman* v. *Smith*, (1874) 20 Minn. 418 (Gil. 370,) it was held that, under similar circumstances, a plaintiff was entitled to statutory costs, and in *Potter* v. *Mellen*, (1886) 36 Minn. 122, (30 N. W. 438,) it was assumed that the statute regulating costs had been rightly construed in the *Greenman* Case.    Whatever our views might be, was this an entirely new question, we need not now indicate.    But, evidently the people of the state have been satisfed with the statute respecting costs, as construed in the *Greenman* Case, for no legislative change or amendment has been made.    After more than twenty years of acquiescence in this view of the statute by those most interested, we do not believe that we ought to place a wholly different construction upon it.    To the amount of the judgment below there must be added the sum of $10 as statutory costs, but no costs will be allowed in this court.

The case is remanded with instructions to amend the judgment appealed from as above indicated.

BUCK, J., absent, took no part.

CANTY, J. I dissent from so much of the foregoing decision as reverses the action of the court below in disallowing the item of $10 statutory costs to plaintiff.

The statute regulating this question of costs is 1878 G. S. ch. 67, §§ 2, 3, as follows:

"Sec. 2. Costs are allowed to the prevailing party, in actions commenced in the District Court, as follows: *First.* To the plaintiff, upon a judgment in his favor of one hundred dollars or more, *in actions for the recovery of money only,* when no issue of fact or law is joined, five dollars. When an issue is joined, ten dollars. *Second.* In all other actions, except as hereinafter otherwise provided, ten dollars. *Third.* To the defendant, upon discontinuance or dismissal, five dollars. *Fourth.* When judgment is rendered in his favor on the merits, ten dollars.

"Sec. 3. In every action commenced in the district courts the prevailing party shall be allowed his disbursements necessarily paid or incurred." The following amendment was added to this section in 1868: "*Provided*, that in all actions for the recovery of money only, of which a justice of the peace has jurisdiction, the plaintiff, if he recover no more than fifty dollars, shall recover no disbursements; and if he recover less than fifty dollars, he shall pay the defendant's costs and disbursements."

Before the amendment the only provision allowing the plaintiff costs in actions for the recovery of money only was the first subdivision of section 2, which allowed him costs upon the recovery of a judgment of $100 or more. It cannot be said that subdivision 2 applied at all to actions for the recovery of money only. If it did, we would have the legislature providing, in the first subdivision, for the recovery of $10 costs when the plaintiff recovered as much or more than $100, and, in the second subdivision, for the recovery of $10 when he recovered less than $100.

The only reasonable or proper interpretation of subdivision 2 is

as if it read: "In all other actions *than actions for the recovery of money only* except as hereinafter otherwise provided ten dollars."

The amendment of 1868, added as a proviso to section 3, detracts nothing from this interpretation; it simply distinguishes actions for the recovery of money only, where a justice has no jurisdiction, —that is, where more than $100 is claimed in the complaint,—from actions where the justice had jurisdiction. In the latter case the plaintiff loses disbursements, as well as costs, unless he recovers no more than $50, and pays both costs and disbursements if he recovers less. This proviso gave the plaintiff no statutory costs in any event.

This is an important matter. It is very common practice to exaggerate five or ten dollar cases into large claims, on paper, bring them in the District Court, waste the time of courts and juries, and put the public to expense in trying them; and this court should not put a premium on such practices by giving this statute an interpretation which it seems to me is not warranted by its language.

In my opinion, there is no statutory provision authorizing the taxation of statutory costs in favor of plaintiff in actions for the recovery of money only, unless he recovers as much as $100 damages.

(Opinion published 58 N. W. 868.)

Application for reargument denied May 1, 1894.