### VOSS *v.* LIPPERT.

APPEAL—ACCOUNTING—AFFIRMANCE OF DECREE.

> The decree of the circuit court dismissing a bill for an account-
> ing, for the reason that defendant was shown to have fully
> accounted to complainant before the filing of the bill, was
> affirmed.

Appeal from Macomb; Eldredge, J. ,Submitted April 13, 1900.   Decided May 2, 1900.

Bill by John Voss against William Lippert, Jr., for an accounting.   From a decree dismissing the bill, complainant appeals.   Affirmed.

*Dwight N. Lowell,* for complainant.

*O. C. Lungerhausen* (*Byron R. Erskine,* of counsel), for defendant.

LONG, J.   This bill was filed for an accounting.   It is claimed by the bill that the complainant is a Prussian, who emigrated to Canada in 1855, where he accumulated some property; that in 1866 he came to Michigan, and, being an unmarried man, made his home with the parents

of the defendant, the mother of defendant being his sister; that when he came to Michigan he had $1,000 in gold, and exchanged it for United States currency, receiving therefor $1,900; that some time after this he received $500 from parties in Canada; that he had no proficiency in speaking the English language, and defendant conducted his business for him, loaning his money, receiving money paid in, and loaning it out again, and reporting to complainant from time to time the amounts paid in and to whom loaned; that defendant continued to do business for him until shortly before the filing of this bill, in February, 1898; that shortly before that time defendant informed him that he had notes and mortgages in his hands belonging to complainant amounting to between $12,000 and $13,000; that, trouble arising between them, he left the home of defendant, who turned over to him $5,850. It is also charged in the bill that the defendant, while acting as the agent of complainant, took mortgages in his own name, and reported them to complainant as mortgages belonging to complainant. It is also charged that the defendant, combining and coöperating with others, has also loaned complainant's money, and taken mortgages and securities in the names of others, but in trust for himself; and that he wrongfully withholds from complainant said mortgages, so that he has now the sum of $7,000 belonging to complainant.

It is the claim of the defendant that he never had charge of the affairs of the complainant until 1890, when the latter went to Germany with defendant's father and mother; that after complainant's return he turned all moneys collected over to him, as well as his securities; that complainant kept them in his trunk until 1895, when the defendant purchased a safe, after which time complainant deposited his papers there for safe-keeping; that he never loaned any of complainant's money, and took securities in his own name or in the name of any other person. It is also the claim of defendant that, before going to Germany, the complainant and defendant's

mother had a settlement of all their affairs; that, acting together, they gave him (defendant) a list of securities that they had a partnership interest in, and he entered the same in a book, and gave each a list of such securities; that, upon complainant's return from Germany, he and complainant had a settlement, and from that time to November, 1897, he looked after complainant's papers, and received a commission of 1 per cent. each year; that they settled from year to year, and a new list of securities was entered upon the books, and all moneys paid in were at once paid over to complainant; that, after the difficulties between himself and complainant in the fall of 1897, the complainant left his house, and he then turned over to him and his agent all the securities and moneys in his hands belonging to complainant.

The testimony was taken in open court, and upon the final hearing the court dismissed the complainant's bill. In this we think the court was not in error. In our judgment, the complainant has utterly failed to make out his case. It is a pure question of fact, and we do not feel called upon to enter upon the discussion of the facts. The court below saw the witnesses and heard their testimony, and arrived at the conclusion that the defendant had turned over to complainant all the moneys and securities belonging to him. We think no one can read the record without arriving at the same conclusion.

The decree below must be affirmed, with costs.

The other Justices concurred.