SEBA S. BROWN v. WARREN POTTER and Another.[1]

July 24, 1900.

Nos. 12,139—(244).

Scaling Logs—Verdict not Sustained by Evidence.

In an action by a surveyor of logs for fees, defendants counterclaimed for damages alleged to have been caused by failure to complete the scaling. Evidence examined, and *held* to be insufficient to support the verdict.

Action in the district court for Aitkin county to recover for services performed as surveyor general of logs and lumber for the second district in surveying, scaling, and scale-marking logs, and in recording stamp and bark-log marks, and for mileage and expenses incurred. Defendants interposed a counterclaim for $1,600. One cause of action was withdrawn, and on three the court, Holland, J., instructed the jury that plaintiff was entitled to recover $706.35. The issues arising on the remaining cause of action, under which plaintiff sought to recover $123.20, and under the counterclaim were submitted to the jury, which rendered a verdict in favor of plaintiff for $188.62. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Wilson & Van Derlip*, for appellant.

*Brown, Reed, Merrill & Buffington*, for respondents.

On April 6, 1900, the court rendered the following opinion:

PER CURIAM.

The appeal herein was taken from the district court of the county of Aitkin on March 15, 1900. Notice of argument was served on March 22 by appellant, who caused the case to be placed upon the calendar for hearing at the present term of this court. The paper book was served on March 22, and the brief of appellant on March 24. Both were returned by respondents' attorneys, upon the ground that they were not served twenty days before the first day of the

[1] Reported in 83 N. W. 457.

present term, with a notice that they would be accepted for the next October term of this court.

Thereupon the respondents made a motion to dismiss the appeal or continue the cause to the next term. This was met by a counter motion by the appellant to relax the rules of the court and set the case for hearing at the present term. It is clear that there is no ground for dismissing the appeal, for the appeal was not taken until less than twenty days before the commencement of the present term of this court. But, the appeal having been taken and noticed for hearing by appellant at so late a date that it was impossible for him to comply with the rule as to serving the paper book and briefs, it is equally clear that the respondents are entitled to have the case continued to the next term of court, unless it is apparent that substantial justice requires that the appellant's counter motion should be granted.

It is practically conceded that, if the appellant as a result of his appeal secures a new trial, the action cannot be brought to trial before October, 1901, if the case is continued to the next October term of this court, for the reason that there is but one term each year of the district court for the county of Aitkin, which is held in the month of October. On the other hand it is perfectly apparent that the respondents cannot be in any substantial manner prejudiced or inconvenienced by a hearing of the case in this court at the present term as it cannot be reached for three months. We are therefore of the opinion that substantial justice requires that the respondents' motion should be denied and that the appellant's motion to relax the rules and retain the cause for hearing at the present term should be granted. It is so ordered.

Ordered further that the appellant serve the paper book and his brief on or before May 1, next, and that the respondents serve their brief on or before July 14, next, and that the cause be set down for hearing on July 19.

On July 24, 1900, the court rendered the following opinion on the merits of the appeal:

LEWIS, J.

The only question we are called upon to review is whether the

evidence is sufficient to sustain the verdict for defendants as to their counterclaim. Defendants claimed damages in the sum of $1,600 on account of the failure of plaintiff to scale 1,368,470 feet of logs, after agreeing to do so. The failure to scale, it was claimed, made it necessary for defendants to have them all rescaled at a subsequent date, and the damages claimed was the cost of the rescale.

The logs were located on Bay Lake, in Itasca county, some distance from the railroad, and were hauled to and piled upon the lake during the winter and spring of 1896 by the farmers from whom they were purchased; the logs being marked in different ways, and over 5,000 not marked at all. Plaintiff, who was surveyor general of that district, was engaged to scale them. At the second trip for that purpose he had scaled all but something more than one hundred logs, when a storm came up, and he did not return, as it was late, and the logs were by that time in the water. We will concede that the evidence on this question of failure to scale all the logs while they were on the ice was sufficient to sustain the allegation of negligence in that respect on part of the plaintiff. During the summer of 1896 defendants drove the logs to the opposite side of the lake into a pocket near the Miller sawmill, where they remained until the summer of 1897. Then defendants sent out a crew of men, drove the logs down to the other end of the lake to the outlet, had them properly marked for the drive, with a mark which was duly registered, and at the same time had them rescaled, intending to send them down the river to Minneapolis.

It is the entire cost of this work of driving, remarking, and rescaling which defendants seek to recover as damages for failure to make the first scale. The burden was with defendants, and, if the evidence fails to lead directly or reasonably to such result, the claim fails. Defendants were called upon to show facts from which it would appear that if plaintiff had completed the scale, as claimed, then the remarking and rescaling would not have been necessary. Or if it appears from the evidence that such work of remarking and rescaling would in all probability have been done anyway, even if plaintiff had finished scaling the few logs remaining, then the proof fails. We are satisfied, after a careful reading of the record, that the evidence does not reasonably support the finding of the jury.

It being necessary to grant a new trial, we do not think it well fully to review the evidence on this question.   It will be sufficient to state that we are led to this conclusion from the fact that there was an evident purpose to saw the logs at the Miller sawmill in 1896, and for that reason the logs were pocketed near it; that the logs were not properly marked for commingling with other logs in the Mississippi river, hence it was necessary to remark and rescale if they were sent to Minneapolis, whereas, if the logs had been sawed at Miller's mill, such marking would not have been necessary, and if a rescale had been necessary at Miller's mill, the cost would have been slight in comparison.   It may be that defendants had no definite contract for sawing the logs at Miller's, but the fact that they were taken there and kept a year, and then prepared for the river drive by the use of a new scale mark, leaves the question of the cause open to too much doubt and conjecture to warrant the result reached.   Again, there was no direct, tangible evidence as to the actual cost of the rescale, conceding that plaintiff should pay for it, unless it be the scaler's fees of $68.05.   The evidence does not support the conclusion that the remarking was a mere incident to the scaling, and therefore plaintiff should be charged with the entire cost, conceding that the cost was what defendants claim to have paid out in connection with the work mentioned.

Order reversed, and a new trial granted.