## LOUIS H. SCHNEDLER v. S. A. WARREN.[1]

March 21, 1941.

No. 32,764.

*A. L. Hankowsky*, for appellant.
*Leonard W. Swanson*, for respondent.

PER CURIAM.

This matter comes before us upon motion for an order allowing additional time within which to complete and file records and briefs.

On appeals from municipal courts, Supreme Court Rule VIII(1) [200 Minn. xxix] limits the time to "only 30 days" from service of notice of appeal within which appellant may serve and file records and briefs. Moving under Rule XI [*Id.* p. xxxi], respondent seeks to have the appeal dismissed for noncompliance therewith.

In this action for attorney's fees, the original findings were made May 21, 1940, and after several stays and continuances the motion for amended findings or a new trial was heard September 13 and denied September 30, 1940. On November 2, 1940, notice of appeal was served upon respondent. Thereafter this court allowed extensions of time on November 28, 1940, December 31, 1940, and January 31, 1941, the last of which extended until March 2, 1941, the allowable time. The present motion seeks additional, perhaps indefinite, time in which to comply.

A close adherence to the rules of court is essential to the orderly and proper disposition of appeals. L. Kimball Ptg. Co. v. Southern Land Imp. Co. 57 Minn. 37, 40, 58 N. W. 868. From affidavits and exhibits it here appears that appellant first approached the court reporter relative to a transcript of the proceedings on October 29, 1940. Notwithstanding urgent exhortation from the reporter, it was not until January 17, 1941, that a request for the transcript was finally made. We had then allowed two extensions. And though it is made to appear that this transcript was available and tendered by the reporter on February 20, 1941, appellant has not seen fit to accept or even examine it at the time of this motion.

[1] Reported in 297 N. W. 35.

While a relaxation of strict compliance with the rules may at times be justified by circumstances, such unwarranted disrespect for orderly procedure as is here disclosed should not be lightly condoned. *Cf.* Brown v. Potter, 81 Minn. 4, 82 N. W. 1117, 83 N. W. 457. Acquiescence by us in such flagrant disregard for procedural restrictions, solidified into precedent, subserves neither public nor judicial good. Out of consideration for other business, attorneys must not heedlessly impose upon the liberality of this court in allowing extensions. The motion to dismiss is allowed. *Cf.* Melin v. Stuart, 119 Minn. 539, 138 N. W. 281.

So ordered.