## Stevenson *against* Kleppinger.

If a day be appointed by contract for the payment of money or for the doing of an act, and the day must or may happen before the thing which is the consideration of the money or act is to be performed, an action may be brought for the money, or for not doing the act, before performance of the act, which was the consideration of that for which suit is brought.

A verdict and judgment for the plaintiff in ejectment by a vendor against a vendee, to compel payment of a balance of the purchase-money, is not a bar to an action of covenant on the agreement by the vendee against the vendor.

A recovery in ejectment, by a vendor against a vendee, is not an insuperable obstacle to specific execution of the contract of sale.

ERROR to the common pleas of *Westmoreland* county.

This was an action of covenant by the administrators of George Kleppinger, deceased, against John Stevenson, for not conveying the land mentioned in the following agreement:

"Articles of agreement made and agreed by and between John Stevenson, of Hempfield township, Westmoreland county, of the one part, and George Kleppinger of Mount-Pleasant township, and county aforesaid, of the other part, witnesseth, that the said Stevenson hath bargained and sold unto the said Kleppinger the farm and plantation of land that he now lives on, and sixty-eight acres and one hundred and nine perches adjoining, that he bought of William Graham, being in all one hundred and eighty-eight acres and one hundred and twenty-nine perches, and the usual allowance with all the buildings thereon erected, and the grain in the ground, and peaceable possession when demanded; for which the said Kleppinger is to pay the said Stevenson 10 dollars and 50 cents per acre, either in gold or silver; 550 dollars in hand, and 100 dollars the 1st of May 1814, and 100 dollars each and every 1st day of May until all are paid. The said Stevenson is to have privilege to stay on the farm after his vendee; and the said Stevenson to make a clear patent for the said land as soon as convenient: and we, the above mentioned parties, agreeing to the above obligation, doth hereunto set our hands and seals this 30th day of April, in the year of our Lord, 1813.

"JOHN STEVENSON.          [L. s.]
"GERGE KLEPPINGER.      [L. s.]"

The plaintiff, after reading the agreement to the jury, proved the payment of the 550 dollars mentioned in the agreement, and the payments due in 1814, 1815 and 1816.

It was admitted that George Kleppinger died insolvent in the month of August 1818.

The defendant then gave in evidence the record of an ejectment brought by Stevenson against Mary Kleppinger for the same land,

[Stevenson v. Kleppinger.]

which was to compel payment of the purchase-money, and a verdict and judgment for the plaintiff.

The counsel for the plaintiff then prayed the court to charge the jury on the following points:

1. That the defendant was bound to make a deed and clear title to the plaintiff's intestate in a reasonable time.

2. That the defendant had no right to withhold the deed and title till all the purchase-money was paid.

3. That the covenant to make a title as soon as convenient bound him to make it as soon as the patent could be obtained in the ordinary course of business in the land office, and a deed could be executed by the defendant.

4. That upon the failure of the defendant to make a title within a reasonable time, or as soon as convenient, neither the plaintiff's intestate nor his administrators were bound to pay any instalments that might have become due subsequent to such failure.

5. That the action of ejectment brought by the defendant against Mary Kleppinger, and the judgment thereon, are no bar to the present action of the plaintiffs.

6. That the measure of damages in this case is the amount of money paid, with interest from the date of the several payments.

The court answered all these points in the negative, and instructed the jury that the plaintiff was not entitled to recover.

*Findley* and *Kuhns*, for plaintiff in error.
*Alexander*, for defendant in error.

The opinion of the Court was delivered by

Gibson, C. J.—That the vendor was not bound to make the conveyance till he had received the purchase-money, or security for it, is the point of view in which the cause was placed before the jury. The rule laid down in Edgar *v.* Boies, 11 *Serg. & Rawle* 450, is, that if a day be appointed for the payment of money, or any part of it, or for the doing of any other act or thing, and the day must or *may* happen before the thing which is the consideration of the money or other act is to be performed; an action may be brought for the money, or for not doing such other act, before performance of the act which was the consideration of that for which suit is brought. And such is the rule stated to be by sergeant Williams, 1 *Saund.* 320, *note* 4. The judge assumed that the vendee was not entitled to the conveyance till he had paid the money or secured it. There is no provision for security in the articles; and the matter turns on the mutuality or independence of the covenants. The vendee bound himself to make the conveyance in a convenient time, which is, in contemplation of law, a reasonable time; for the terms are convertible. That the literal import accords not with the actual intents appears from the unreasonableness of the consequence it might introduce; for the vendor might never find a time convenient. He was

bound to convey as soon as a patent could be had in the usual course of the land office.   On the other hand, the vendee was bound to pay at the times stipulated, without regard to the conveyance.   Was, then, the conveyance to precede any part of the price?   If it were, it would, according to the rule stated, be demandable without regard to the purchase-money.   The vendee was to pay one-fourth down, and the residue in fifteen annual instalments; so that the conveyance not only might, but *must,* have become demandable before not only the last instalment, but perhaps any of them became due; and, on the principle of the case quoted, the direction was wrong. It would evidently be a fallacious interpretation of the bargain to make him wait half a lifetime for the title, or perform more than was stipulated.

The direction that the recovery to enforce payment of the purchase-money was an equitable bar, is also erroneous.   To give that effect to a verdict in ejectment would make it conclusive, an operation denied to it by the statute and common law.   But as the covenants are independent, the effect attributed to it could not be allowed to a verdict, even in covenant, because the defaults of the vendor— the matter in present controversy—could not be touched by the inquiry, or enter into it as a subject for decision, let the form of the action be as it might.   Beside, they could, in any event, have entered into it but collaterally; and nothing is better settled than that a previous verdict on matters thus introduced is inconclusive.

What, then, ought the plaintiff to recover?   At common law, covenant is an action in disaffirmance of the contract, which seeks not to execute it, but to obtain compensation for the breach of it.   With us, it is often used as an instrument of specific execution by means of a conditional verdict.   The plaintiff, it would seem, went on the basis of a previous recision; though, according to Gloust *v.* Martin, 3 *Serg. & Rawle* 423, recovery of possession by the vendor is not an insuperable obstacle to specific execution.   In this aspect, the measure of damages is the amount paid, with interest for the time when he was not in the perception of the profits.

Judgment reversed, and a *venire de novo* awarded.