28 63
83 398

------

JOHN MAHONEY *vs.* JOHN A. McLEAN and another, Claimants, impleaded, etc.

June 1, 1881.

**Garnishment—Supplemental Complaint—Framing Issues.**—In garnishment proceedings, if, after a disclosure, the plaintiff submit the matter for decision on the disclosure, and the court decide it, it is too late for him to ask leave to file a supplemental complaint. The framing of issues in such proceedings, other than by supplemental complaint, is not a matter of right in the parties. If it can be done at all, it is in the discretion of the court.

**Same—Costs to Claimant.**—A claimant who succeeds is entitled to the same costs as a defendant in an action.

Appeal by plaintiff from a judgment entered in the district court for Ramsey county, *Brill,* J., presiding, in garnishment proceedings, in favor of the garnishee and claimants.

*Lamprey & James,* for appellant.

*Stanford Newel* and *William H. Lightner,* for respondents.

GILFILLAN, C. J.* Before this action was tried, plaintiff commenced

*Cornell, J., because of illness, and Clark, J., because of interest, took no part in this case.

proceedings in garnishment against the First National Bank of St. Paul. McLean and Macnider were admitted as claimants of the debt sought to be reached by the proceedings. Judgment in favor of the plaintiff, in the principal action, was entered October 22, 1879. The disclosure in garnishment was commenced before the entry of this judgment, and finally concluded December 8, 1879. After this, plaintiff made application to the court below for judgment, on the disclosure, against the garnishee defendant. This application was denied, on the merits, by order dated March 12, 1880. After this, plaintiff made an application for leave to file a supplemental complaint against the garnishee defendant and claimants, which was denied September 20, 1880. Plaintiff then made a motion that issues be framed. This was denied October 19, 1880. Judgment discharging the garnishee defendant was afterwards, on November 6, 1880, entered.

During the disclosure various exceptions were taken to rulings of the court, but we see nothing in any of them. The only question raised here, (except that relating to costs,) of sufficient importance to require special mention, is as to plaintiff's right to file a supplemental complaint at the time when he applied for leave to do so.

. The statute (Gen. St. 1878, c. 66, § 175,) provides that a garnishee may be charged with respect to property he holds by a title void as to creditors of the defendant; "but in such cases, and in all cases where the garnishee, upon full disclosure, denies any indebtedness to, or the possession or control of any property, money or effects of, the defendant, there shall be no further proceeding, except in the manner following: If the plaintiff, in such case, believes that such garnishee does not answer truly, in response to the questions put to him upon such examination, or that the conveyance under which he claims title to property is void as against the creditors of the defendant, he may, on notice to such garnishee and to the defendant, at any time before the garnishee has been discharged by the court or officer, of not less than six days, apply to the court in which the action is pending, or a judge thereof, for permission to file a supplemental complaint in the action, making the garnishee a party thereto, and setting forth the facts upon which he claims to charge such garnishee; and, if

probable cause is shown by the plaintiff, permission shall be granted. * * * " Two things are apparent from this statute—*First*, that a plaintiff cannot have leave to file a supplemental complaint merely because he believes that the garnishee does not answer truly, or that the title by which the garnishee holds property is void as to the creditors of the defendant. He must make that appear probable to the court. We do not think the plaintiff did so in this case. *Second*, that the supplemental complaint, if that course is adopted, is to be in continuation of the garnishee proceedings from the time when the plaintiff, upon a disclosure, believes, and can make appear probable to the court, that the garnishee does not answer truly, or that the title by which he holds property is void as to the creditors of the defendant. It was not intended to give him a second trial and determination upon the garnishee's liability. He may, if he chooses, however false he may believe the garnishee's answers to be, rely upon the disclosure as it is, for his right to charge the garnishee, and insist upon a determination by the court of the right, upon the disclosure. If he elect to pursue that course, he cannot file a supplemental complaint, for that would, in effect, give him another trial and determination of a matter which, by his election, has already been tried and determined. On these grounds, the court below was justified in denying the application.

The statute does not provide for framing any issues in garnishment proceedings, except where a supplemental complaint is filed. The practice might be a convenient one in some cases, and perhaps the court may, in its discretion, direct issues to be made up, if it deem the case a proper one. But it is not a matter of right in the parties to the proceedings.

The court below allowed costs to the claimants. The statute does not provide for allowance of costs to a claimant by that designation. But section 174 treats him as a party. As a party he occupies the position of a defendant, and should be allowed the costs which the statute provides for defendants. In this case the proceedings were not dismissed, but decided on the merits; and the costs allowed for defendant, where the cause is decided on the merits, were proper.

Judgment affirmed.