## Huckestein *v.* Kelly & Jones Co., Appellant.

*Mechanics' liens—Release of liens—Defalcation—Practice.*

Where a building contract provides that the balance of the contract price shall be paid only on receipt of releases from all parties furnishing labor and materials, it is no objection to a recovery by the contractors that a lien was filed against the building and reduced to judgment. In such a case one judgment may be set off against the other,. and the court will adjust the amount actually due the contractors when execution is issued upon their judgment.

*Written agreement—Parol evidence.*

In an action upon a building contract defendants claimed as an offset the liquidated damages per day provided by the contract for delay in executing the work. Plaintiffs averred that the inducement for signing the contract was a promise by defendants to put in a railroad siding to facilitate the work, and that defendants had failed to put in the siding for four or five weeks. Declarations of defendants and their architect to third parties as to the terms of the contract were admitted to corroborate the direct testimony of plaintiffs. *Held,* that the evidence was rightly admitted, and that the case was properly submitted to the jury.

*Letter written by plaintiff—Making evidence.*

A letter, written by plaintiff to defendants shortly after the execution of the contract and before there was any appearance of delay in performance of the work, complaining of the failure of defendants to put in the siding, is admissible. As it was not post litem motam it cannot be excluded as an effort to make evidence.

*Building contract—Dispute—Architect's findings.*

A building contract provided that the architect should decide all questions as to work omitted. A dispute arose as to the supply of some rosin. The architect's finding on the question was an item in the credits as follows: " By amount retained until rosin filling is properly put under floors, or until ascertained by whose fault the rosin was not properly put under the same." *Held,* that this was not a finding of the value of the rosin, but a liquidation of defendants' damages, and the amount of the credit they were entitled to on this item of the contract, if the failure of proper performance was not their fault. The latter question was left open, and was rightly submitted to the jury.

Argued Nov. 9, 1892. Appeal, No. 34, Oct. T., 1892, by defendants, from C. P. No. 1, Allegheny Co., June T., 1889, No. 73, on verdict for plaintiff, John Huckestein et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover balance on building contract.

At the trial the evidence tended to establish that by a written contract dated July 7, 1888, plaintiffs agreed to erect certain factory buildings for defendants, at Greensburg, Pennsylvania. The buildings were to be completed on or before Nov. 7, 1888, plaintiffs to allow for every day's delay thereafter the sum of $100. The contract also provided that the retained percentages should be paid sixty days after the work was completed provided a receipt of releases from all parties furnishing labor and materials shall be given by plaintiffs. The work was not completed until Jan. 9, 1889. Defendants claimed as an offset $100 per day for each day's delay.

Plaintiffs proposed to prove that at the time of making the contract, at the time the plans were submitted for the bids, defendants assured Huckestein & Co. that they would forthwith have a switch there to facilitate the work; that on the assurance of that this contract was made cotemporaneous with it; that they failed for four or five weeks to have that switch there; that therefore the operations of plaintiff were delayed in the delivery of material for the completion of the contract for a number of weeks; that the contract was entered into on this assurance and with the expectation that plaintiff would be enabled to do the work with the assistance of this railroad; and that by reason of the failure to provide that switch they were delayed. Objected to as incompetent and irrelevant. Objection overruled and exception. [11]

Evidence to this effect was then given.

Plaintiff gave in evidence, under objection and exception, the following letter:

"Messrs. KELLY & JONES Co.,             "July 11, 1888.

"PITTSBURG. Pa.

"Gentlemen:—It is absolutely necessary that you get the R. R. siding put in at once at your new works at Huff station —as nothing can be sent there by car load until this is done —and we ought to be having stone, sand and lime at once, and unless this siding is in at once it will throw us into winter getting the work done, and we will have to claim time on our contract.             Yours, etc.,

"HUCKENSTEIN & Co.

"S." [10]

Defendants' points were, among others, as follows :

" 1. The tender of releases from all parties furnishing laboi and materials who, according to law, can file mechanics' liens against the buildings of the defendant, is a condition precedent to the recovery by the plaintiffs in this action." Refused. [1]

" 2. As it appears from the evidence that the plaintiffs, or any one for them, have not furnished to the defendant releases from all parties furnishing material who can file mechanics' liens against the buildings, but, on the other hand, it appearing that the lien has been filed, and is now pending, the plaintiffs cannot recover." · Refused. [2]

" 9. The evidence submitted by the plaintiffs is insufficient to modify or set aside the provision in the contract mentioned in the foregoing point, and all evidence submitted tending to show an agreement to provide a railroad siding for the plaintiffs by the defendant should be disregarded by the jury. *Answer :* Refused. This is a question for the jury. There is some evidence tending to sustain plaintiffs' claim in this respect. Whether it is sufficiently established by the evidence is for the jury and not for the court." [3]

" 11. The architect has found as a fact an omission to properly put rosin filling under floors, and has ascertained the value thereof to be $1,242 ; this sum should be deducted from the amount sought to be recovered in this case. *Answer :* Refused. Whether this item should be allowed or not depends upon who is responsible for this defect. If plaintiff performed his duty under the contract or according to the direction of defendant, he can recover, but if the failure arose from his own default he is not entitled to loss." [5]

" 14. All extra or additional work should be ordered in writing, otherwise it shall not be taken to be ordered at all, and cannot be recovered for in this action." Refused. [4]

The court charged in part as follows :

[" Secondly. Whose fault was it that the rosin was not properly under the floor ? If the plaintiff's, he ought not to be allowed the $1,242 he claims. . . . If it was not the plaintiff's fault, he is entitled to have that amount included in this verdict.] [6] . . . .

[" There is nothing said about the siding in the contract or

specifications. It, therefore, devolves upon the plaintiff to satisfy you by clear and distinct proof that he is right in the position he takes. . . . If, however, the jury find that the alleged agreement was sufficiently established, then any delay occasioned by the failure to have the switch there at the proper time should accrue to the benefit of the plaintiff.] [7] . . . ."

Verdict and judgment for plaintiffs for $6,289.17. Defendants appealed.

*Errors assigned* were (1–7) instructions, quoting them; (8–11) rulings on evidence, quoting the bills of exceptions and evidence.

*R. A. Balph, James Balph* with him, for appellants, cited : As to the release of liens as a condition precedent to a recovery : Lykens v. Tower, 27 Pa. 462 ; Reynolds v. Caldwell, 51 Pa. 298 ; Miller v. Phillips, 31 Pa. 218 ; Martin v. Schoenberger, 8 W. & S. 367 ; Shaw v. Turnpike, 2 P. & W. 454 ; Alexander v. Hoffman, 5 W. & S. 382. As to the alleged oral contract : Martin v. Berens, 67 Pa. 459 ; Greenawalt v. Kohne, 85 Pa. 369 ; Walker v. France, 112 Pa. 203 ; Cullmans v. Lindsay, 114 Pa. 166 ; Spencer v. Colt, 89 Pa. 318. As to the admission of the letter : Gobble v. Minnich, 10 Pa. 488 ; Weidler v. Bank, 11 S. & R. 134 ; Wolle v. Brown, 4 Wharton, 365 ; Clever v. Hilberry, 116 Pa. 431 ; Huckestein v. Kelly & Jones Co., 139 Pa. 201. As to the part performance of the contract : Eckel v. Murphey, 15 Pa. 448 ; Harris v. Ligget, 1 W. & S. 301 ; Algeo v. Algeo, 10 S. & R. 235 ; Alexander v. Hoffman, 5 W. & S. 385.

*A. M. Imbrie, Thos. M. Marshall* with him, for appellees, cited : Ferguson v. Rafferty, 128 Pa. 356 ; Lloyd on Building, 13 ; Lancaster v. Smith, 67 Pa. 432 ; Folsom v. Cook, 115 Pa. 539.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1893 :

The assignments in relation to the tender of releases of mechanics' liens, as a condition precedent to plaintiffs' recovery, cannot be sustained. The principle of law invoked is entirely sound, but it would be sticking in the bark to apply it to the facts of this case. The purpose of the clause in the contract was to protect the appellants from having to pay money a second time to mechanics or material men after having once paid

it to plaintiffs.   A lien filed, paid and receipted in full or sat-isfied of record is as complete a protection as a release.   The only outstanding lien involved in this controversy was the subject of a bona fide dispute, and has been liquidated by judgment between the parties.   Payment of it by appellants will be a good defalcation from the plaintiffs' claim.   The adjustment of this matter is entirely within the control of the court below upon execution.

The setting up by parol of a term of the contract in regard to the railroad siding, not included in the writing, raises one of the most difficult and uncertain questions in the whole range of the law.   It may well be doubted whether justice would not be served by totally disallowing such evidence, and compelling parties to go into equity and have the contract reformed as an indispensable preliminary to a defence based on such claim.   But of the fact that material terms are at times omitted from even careful writings, the existence of the settled jurisdiction in equity is proof, and in the absence of a court of chancery our predecessors found it essential to justice to grant relief in such cases upon equitable principles under the forms of law, and the rule has now been too long and too firmly established for us to change it.   We cannot say that the evidence in this case as to the siding was insufficient, and it was given to the jury with instructions that the burden was on the plaintiff to establish it as part of the contract " by clear and distinct proof—such as to convince you that it was actually made as claimed by the plaintiffs."   This is the very language of defendants' own eighth point, which was also affirmed.   True it is the duty of the court, as argued by appellants, to pronounce as matter of law upon the sufficiency of the evidence, but leaving it to the jury was practically directing them that it was sufficient in law, if they believed it true in fact.   That was a substantial answer to appellants' point, and was not error.   Nor can we say there was error in admitting the testimony of other parties as to the terms of the proposed contract stated to them by the defendants and their architect.   It was corroborative of the direct testimony of the plaintiffs and was admitted in that view only.   The letter of plaintiffs to defendants was competent on the same ground.   When the case was here before, 139 Pa. 201, we were obliged to reverse on this point, because the

plaintiffs had, no doubt inadvertently, omitted to prove that the letter was mailed or sent. That proof having been supplied the letter was admissible as prima facie notice to defendants of the plaintiffs' claim as to the siding. Folsom v. Cook, 115 Pa. 539. Had it been post litem motam, it might have been regarded as an effort to make evidence in their own favor, but it was so nearly cotemporary with the written agreement, and so long before any appearance of delay in performance, that it cannot be held incompetent for such reason. Had it been a claim made in conversation between the parties there can be no doubt of its admissibility. Coming at the time and under the circumstances that it did, it stood upon the same ground. Its weight may have been very light, but that was for the jury.

The remarks already made as to the policy of permitting proof by parol of other terms than those in a written contract, apply with special force to that prolific source of dispute, litigation and too often of actual fraud, claims for extra work. But the rule that a written agreement may be subsequently modified or rescinded altogether by parol, is too well established to be overturned. The remedy for the abuse of it lies in the firmness of the trial courts in setting aside verdicts not founded on clear and satisfactory proof.

The fourth and sixth assignments of error are based on the view that the architect had found the value of the rosin not put under the floor. By the contract he was made the arbiter to decide all questions as to work omitted, etc., and undoubtedly he might have passed conclusively upon this one, of the value of the rosin not supplied. But it does not appear that he did so. His written finding on this point is an' item in the credits, " By amount retained until rosin filling is properly put under floors, or until ascertained by whose fault the rosin was not properly put under the same." Prima facie this was not a finding of the value of the rosin, but a liquidation of defendants' damages, and the amount of the credit they were entitled to on this item of the contract, if the failure of proper performance was not their fault. The latter question was left open, and was rightly submitted to the jury.

None of the assignments of error can be sustained.

Judgment affirmed.