FIRST NATIONAL BANK OF WABASHA v. JOHN BRASS and Others.[1]

January 14, 1898.

Nos. 10,900—(220).

**Garnishment—Supplemental Complaint—G. S. 1894, § 5319—Answer —Fraud on Creditors—Proof of Debt—Burden of Proof.**
Where, by an answer to a supplemental complaint served upon a garnishee, in accordance with the provisions of G. S. 1894, § 5319, allegations contained in the latter to the effect that the garnishee holds property,

[1] Reported in 73 N. W. 729.

money or effects in his hands belonging to the defendant debtor by virtue of a transfer fraudulent as to creditors existing at the time of such transfer, are put in issue, it is incumbent upon the plaintiff creditor to prove the indebtedness at the trial, and it is also necessary that there should be a finding as to the existence of the debt at the time of the transfer, to sustain a finding that such transfer was made with intent to hinder, delay or defraud creditors, and especially the plaintiff.

On February 8, 1896, in the district court for Wabasha county garnishment proceedings against the garnishee-defendant, Brass, were begun in the case of plaintiff bank against Burkhardt and others, reported supra at page 185. The proceedings described in the opinion were then taken. The trial mentioned there was held before Gould, J., whose findings are stated in the opinion. From an order of the court, Snow, J., granting the garnishee-defendant a new trial of the issues arising on the supplemental complaint and answer, plaintiff appealed. Affirmed.

*George H. Selover,* for appellant.

*Campbell & Campbell,* for respondent.

COLLINS, J.

In an action brought by plaintiff bank against one Burkhardt, as the maker of a promissory note, and against one Bickel and one Witte, as guarantors of payment of said note, an affidavit in garnishment was filed, in which it was averred that said persons were indebted to plaintiff in the sum of about $1,500, and that the respondent Brass had property, money and effects in his hands or under his control belonging to said Witte of a value exceeding $25. A garnishee summons was then duly served upon Brass, of which notice was duly served upon Witte. At the disclosure Brass denied having any property or money or effects in his hands or under his control belonging to Witte, particular inquiry being made concerning the real ownership of a note and mortgage hereinafter mentioned.

Thereafter, upon motion, plaintiff obtained an order permitting it to file a supplemental complaint in the action, making said Brass a party defendant, pursuant to the provisions of G. S. 1894, § 5319, and upon the supplemental complaint and answer a trial was had of the issues made by such pleadings.

The complaint contained allegations as to the corporate capacity of the plaintiff bank, as to the institution of the garnishee proceedings in due form, and that the garnishee had made disclosure, as required by the summons, which disclosure had been duly filed, and was made a part of said complaint. It then alleged that at the time of the service of the garnishee summons Brass had in his possession, claiming it to be his own property, a particularly described promissory note, with a mortgage upon real estate securing the same, in which note he was named as payee, and in which mortgage he was named as mortgagee; that the note was given by the maker, a corporation, for the sum of $2,600, in consideration of a loan of that sum then made to it, ostensibly by said Brass, but in fact by said Witte, and that the mortgage secured its payment; that said note and mortgage were the property of the latter, and were taken and made payable to Brass with an intent on the part of both Witte and himself to hinder, delay and defraud Witte's creditors, and to place his money out of their reach. It was also alleged that the complaint in the main action was made a part of the supplemental pleading, but there was no direct averment that Witte was at any time indebted to plaintiff or to any other person. To put the statement in another form, it was not alleged in the supplemental complaint that Witte had any creditors, except as reference to the original complaint made it appear.

The answer filed by Brass admitted the execution and delivery of the note and mortgage, and that they were still in Brass' possession, and then took issue upon the remainder of the allegations.

A trial was had by the court, without a jury, the principal contention being over the ownership of the money which was loaned to the maker of the note and the mortgage, and, consequently, as to who was the real owner of these instruments. The court found that the facts alleged in the supplemental complaint were true, and ordered judgment directing Brass to turn over the note and mortgage to the clerk of the court, as referee, to hold the same until the main action was finally determined. Subsequently judgment was entered upon this order, and, upon certain affidavits, Brass moved that the judgment be set aside, and that he be allowed to propose and settle a case upon which to move for a new

trial. This motion came on for hearing before the successor in office of the judge who tried the case and made the findings, and was granted. Brass, upon a settled case, then moved for a new trial, and from an order granting the motion, on the ground that the decision was not justified by the evidence and was contrary to law, plaintiff appeals.

We have stated that there was no allegation in the supplemental complaint of an indebtedness on the part of Witte to plaintiff bank, and, from what has been said as to the findings of fact, it is manifest that they were silent on this point; and an examination of the record shows that it was not even proven upon the trial that Witte was indebted to the plaintiff or to any one else when the loan was made for which the note and mortgage were taken. When granting the motion for a new trial, on the ground that the decision was not justified by the evidence, the court below seems to have been of the opinion that upon the trial it should have been established that plaintiff bank was a creditor of defendant Witte at the time of the transaction it attacked, and that before a finding to the effect that such transaction was a fraud upon plaintiff, as a creditor, can be sustained, it is absolutely essential that there should have been a finding of fact that at the time of its consummation the plaintiff was a creditor to be defrauded; and also to have been of the opinion that the preponderance of evidence on the main question of ownership was manifestly and decidedly in favor of Brass' claim that the money loaned was his, and did not belong to Witte.

If the court was right upon the proposition first above stated, the order appealed from must be affirmed, no matter what our views may be as to the evidence in respect to the ownership.

We are clearly of the opinion that, in order to hold the note and mortgage, it was incumbent upon the plaintiff bank to show that when they were taken in the name of the garnishee, Brass, it was Witte's creditor. No one but a creditor, the collection of whose debt might be endangered, or Witte himself (under certain circumstances, which do not affirmatively appear from the record), could assail the transaction. As against all the world, aside from Witte and his creditors, Brass had a valid title to the note and mortgage, —a title which could not be questioned.

Through the supplemental complaint the plaintiff attacked the transfer of the real title or ownership of the money loaned from Witte to Brass, upon the ground and because it was a creditor of the former and had been defrauded. The trial of the cause was therefore to be governed by the rules which would pertain and apply upon the trial of any other action involving the fraudulent transfer of real or personal property. It seems unnecessary for us to cite the several cases in which we have held that, if such a transfer is assailed as fraudulent upon creditors existing at the time, proof of the existence of the debt when the transfer was made is required. A number are collated in Fullington v. Northwestern, 48 Minn. 490, 51 N. W. 475; and the issue raised by the supplemental complaint and the answer of the garnishee, Brass, brought this proceeding directly within the rule.

Taking the complaint in the main action as part of the supplemental complaint, Witte's indebtedness to plaintiff was alleged, the answer of the garnishee put the averment in issue, there was no evidence upon the subject, and no finding which bore upon it. In the absence of a finding that Witte was indebted at the time of the transfer of title of ownership of his alleged property, a finding that its purpose and object was to hinder, delay and defraud his then existing creditors, which was the gist of the supplemental complaint, was wholly without foundation or warrant.

It must not be inferred from what has been said that we intimate that, in order to avoid a conveyance alleged to have been fraudulent, the creditor must have been such at the time of the conveyance. The Fullington case recognizes the rule that subsequent creditors may avoid such conveyances under some circumstances, but this is a case where, if the bank was ever a creditor, it was such prior to the transaction claimed to have been fraudulent.

Counsel for appellant has called attention to Smith v. Barclay, 54 Minn. 47, 55 N. W. 827. There the money in the hands of the garnishee was claimed by a third person, not a party to the proceeding, and the procedure was under G. S. 1894, § 5318, not under section 5319, as in this case. And the only issue made by the pleadings was as to the ownership of the money when the claimants'

"answer," which should have been the complaint, amounted to a general allegation of ownership of the money, without indicating the source of title, while the "complaint," which ought to have been the answer, denied this, and contained an allegation that the money belonged to the defendant, although deposited with the garnishee in the name of the claimants. Without deciding what it was necessary to prove upon the trial, it was held that in such a case the plaintiff was not required to allege in his answer to a claimant's complaint what was already alleged in his own, or appeared in the proceedings in the action, that he was a creditor of defendant, and had attached the money by garnishment. The case is not in point.

Finally, and in reference to what seems to have been the opinion of the court below, when granting a new trial, relative to the preponderance of evidence as to the claim of ownership made by Brass, we have this to say: that, upon a very careful examination of the testimony, we cannot agree with the learned trial judge; for we are decidedly of the opinion that, if a determination of this appeal depended upon the question of fraud in the transaction, as shown by the evidence, the order appealed from would have to be reversed. We are satisfied that the preponderance of the evidence was manifestly and palpably in favor of the finding upon this point in the case.

As the findings were insufficient for the reasons above stated, the order appealed from is affirmed.