# SARAH C. MELIN v. H. A. STUART and Another.[1]

## November 8, 1912.

## Nos. 17,973—(207).

**Dismissal of appeal.**

Where notice of appeal was served August 10, and notice of trial in due time for the succeeding October term of this court, a motion to dismiss the appeal

---

[1] Reported in 138 N. W. 281.

for failure to serve paper book and points and authorities, they not being served until October 15, was necessarily granted under the rules of court. [Reporter.]

**Garnishment.**

Where defendant had drawn his pay in advance from the garnishee before the garnishee summons was served, the court did not err in discharging the garnishee. It was immaterial that the garnishee city had no right to pay before the end of the month, or defendant to receive his pay. [Reporter.]

Appeal from an order of the municipal court of Minneapolis denying plaintiff's motion for judgment against the garnishee, Montgomery, J. Motion to dismiss the appeal granted, with ten dollars costs.

*E. Luther Melin,* for appellant.

*A. M. Higgins,* for respondent.

*W. G. Compton,* for garnishee.

PER CURIAM.

Motion to dismiss the appeal for failure to serve paper book and points and authorities in each of the three above entitled proceedings.

It appears that notice of appeal was served August 10, 1912, and notice of trial in due time for the October, 1912, general term of this court, but no paper book or points and authorities were served till October 15. Under the rules the motion must be granted. We do it with no great reluctance, for we are convinced that thereby plaintiff escapes additional costs. In one case the order is not appealable.

In discharging the garnishee in the other two cases, the court could not have erred; for defendant had drawn his pay in advance from the garnishee city for his service before the garnishee summons was served. It is immaterial that the city had no right to pay before the end of the month, or he to receive it. Clearly he could in no event again recover it from the city. Therefore the city did not owe him anything that plaintiff could reach.

The appeals are dismissed, with $10 costs to be taxed in one case only against plaintiff.