GEORGE A. GILLOLEY v. JOE SAMPSON.
MARTIN SEARS AND OTHERS, GARNISHEES; ERICKSON-JOHNSON CONSTRUCTION COMPANY AND OTHERS, RESPONDENTS.[1]

July 8, 1938.

No. 31,623.

[1]Reported in 281 N. W. 3.

234

See 198 Minn. 92, 268 N. W. 841; 198 Minn. 96, 268 N. W. 843.
*Smith & Coughlin* and *Meighen, Knudson & Sturtz,* for appellant.
*Melvin, Brown & Sherman,* for respondents.

PETERSON, JUSTICE.

This action was here before in Shandorf v. Sampson, 198 Minn.
92, 268 N. W. 841, where the facts are fully stated.  Plaintiff bank

recovered a judgment against the defendant, Sampson, on a promissory note, which it is seeking to collect by garnishment proceedings against the S. & S. Contracting Company, a subcontractor by whom Sampson was employed, the Erickson-Johnson Construction Company and R. B. Fraser Construction Company, the principal contractors with the state of Minnesota, Seaboard Surety Company, surety on their bond as such contractors, and the Standard Surety & Casualty Company, surety on the bond of the S. & S. Company to the principal contractors. Sampson furnished labor and equipment on a road-building job to the S. & S. Contracting Company, subcontractor of the contractors named. The main action and the garnishment proceeding were commenced in August, 1932. In February, 1934, supplemental complaints in garnishment were filed. On the former appeal we held that this proceeding in garnishment was an action against the contractors and their sureties to enforce the obligations of their bonds, but that plaintiff could not maintain the action because of its failure to show compliance with L. 1929, c. 369, § 2 (3 Mason Minn. St. 1938 Supp. § 9705) by serving a notice of claim within 90 days after completion of the contract, and commencing the action within one year thereafter, which are conditions precedent to liability on the bonds. In the opinion we said (198 Minn. 95, 268 N. W. 842) :

"There was no allegation in the supplemental complaint, and plaintiff offered no proof that such notice was filed or that the proceedings were begun within one year thereafter. The statute clearly makes the filing of such notice condition precedent to the bringing of any action on contractors' bonds. *It is conceded that this is such an action.* * * * It follows, therefore, that plaintiff is not entitled to recover in this action unless he can show timely notice and commencement of action."

A new trial was granted. On the new trial it was stipulated that a written notice of claim, complying with § 9705, had been filed in due time by Sampson with the commissioner of insurance. Pertinent findings of the court are that Sampson furnished work and equipment to S. & S., that he received no money directly for

such work and equipment, but that the garnishees had paid certain claims against Sampson; that on August 13, 1932, Sampson filed statutory notice of claim with the commissioner of insurance; and that the garnishment summonses had been served on respondents on various dates between August 15, 1932, and August 29, 1932. There was no direct finding that Sampson had an unpaid claim against S. & S. for a definite amount. As conclusions of law the court held that no action upon the bonds had been commenced within one year after filing the notice of claim, and that the amount, if any, due from the garnishees on the dates of service of garnishment summonses, was due only upon a contingency. Judgment of dismissal with prejudice was ordered in favor of respondents. The bank, by Gilloley, its receiver, appeals from an order denying its motion for amended findings or a new trial.

On the former appeal (198 Minn. 92, 268 N. W. 841) the contention of the present respondents was sustained that the proceeding in garnishment upon the supplemental complaint against the garnishees was an action on the bonds which had to be brought within one year. The question now is whether that action against the garnishees was commenced within one year after Sampson filed the notice of claim against the garnishees under the bonds. The action against the garnishees was commenced within one year if it was begun at the time of the service of the garnishment summonses but not if it was commenced at the time of the filing of the supplemental complaint. A supplemental complaint in garnishment is a continuation of the pending garnishment against the garnishee. Mahoney v. McLean, 28 Minn. 63, 9 N. W. 76; Trunkey v. Crosby, 33 Minn. 464, 23 N. W. 846; S. E. Olson Co. v. Brady, 76 Minn. 8, 78 N. W. 864. Mahoney v. McLean, *supra,* holds that the supplemental complaint is in continuation of the pending garnishment proceeding; that, if the garnishee is discharged upon the disclosure, the proceeding is ended; that the proceeding on the supplemental complaint is not a new action and that if the pending garnishment has been terminated by a discharge of the garnishee it cannot be continued at all, whether by supplemental complaint in garnishment

or otherwise. In Trunkey v. Crosby, *supra,* the garnishee denied liability, and leave to file a supplemental complaint was granted, which was served not upon the garnishee personally, but upon his attorney who appeared for him at the disclosure. It was claimed that the service on the attorney was not good on the ground that the notice was in the nature of original process to bring the garnishee into court. In holding that the garnishee was already a party to the proceeding before leave was granted to serve and file the supplemental complaint, Mr. Chief Justice Gilfillan said [33 Minn. 466]:

"But it is not process, nor does it bring the party into court. The proceeding is already pending by service of the garnishee summons; and the application for leave to serve and the service of the supplemental complaint are only further continuations of such pending proceeding, and the attorney who has appeared for the defendant or the garnishee is the proper person upon whom to serve the notice."

In S. E. Olson Co. v. Brady, *supra,* holding that the supplemental complaint in garnishment only continues the pending garnishment and is not the institution of a new action, we distinguished cases holding that a proceeding by supplemental complaint under statutes somewhat different from ours is the institution of a separate action.

That the conclusion reached in Mahoney v. McLean, Trunkey v. Crosby, and S. E. Olson Co. v. Brady, *supra,* is clearly right is manifest from the purpose of and procedure in garnishment. The purpose of garnishment is to reach property of the defendant in the hands of the garnishee, to apply it in satisfaction of the judgment. Knudson v. Anderson, 199 Minn. 479, 272 N. W. 376. The procedure in garnishment is with an eye solely to that purpose. A garnishment is a proceeding in the main action. It is not an independent action but merely an ancillary proceeding, to secure and make effectual any judgment recovered in the main action. Where the court has jurisdiction *in personam* of the defendant, the proceedings are much in the nature of a creditor's bill by which the garnishee

is brought in as an additional party, and take on a dual aspect—that of an action against the defendant to recover judgment upon the cause of action set forth in the complaint in the main action and that of an action in the nature of a creditor's bill against the defendant and the garnishee to reach property of the defendant in the latter's hands to be applied in satisfaction of the judgment. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078. From the service of the summons to the entry of judgment, garnishment is but a single proceeding, adversary in character, resulting in a determination of the liability of the garnishee. 2 Mason Minn. St. 1927, § 9356 ( as amended by L. 1929, c. 215) provides that in the "summons and *all subsequent proceedings in the action* the plaintiff and defendant shall be so designated, and the person against whom such summons issues shall be designated as garnishee." The parties are such in fact and not in name only. Judgment may be entered against the garnishee upon a default. Security State Bank v. Thor, 184 Minn. 156, 238 N. W. 52. Adverse claims in intervention in garnishment may be determined. State ex rel. Security State Bank v. District Court, 150 Minn. 498, 185 N. W. 1019. Service of the garnishment summons operates as an attachment upon which subsequent proceedings are based. Section 9359 provides in part:

"The service of the summons upon the garnishee shall attach and bind all the property and money in his hands or under his control belonging to the defendant, and all indebtedness owing by him to the defendant at the date of such service, to respond to final judgment in the action."

It is fundamental that plaintiff can assert rights of the defendant against the garnishee only as of the time of, and not before or after, service of the garnishment summons. Nash v. Gale, 2 Minn. 265 (310) ; McLean v. Sworts, 69 Minn. 128, 71 N. W. 925, 65 A. S. R. 556; Melin v. Stuart, 119 Minn. 539, 138 N. W. 281; 3 Dunnell, Minn. Dig. (2 ed.) § 3957. The liability of the garnishee is determined as of that date. A disclosure of the garnishee is had under the statutes which may be a sufficient basis for judgment

against him. But the disclosure is not conclusive or final against the plaintiff. If the garnishee, after full disclosure, denies liability, the plaintiff, by § 9367, "may move the court at any time before the garnishee is discharged, * * * for leave to file a supplemental complaint making the latter a party to the action, and setting forth the facts upon which he claims to charge him; * * *" The facts to be set forth in the supplemental complaint to charge the garnishee are those which constitute his liability to the defendant at the time of the service of the garnishment summons. The purpose of a supplemental complaint is to traverse the disclosure of the garnishee by showing that he is liable to the defendant where he denies such liability, and to carry the pending garnishment forward to trial and judgment. The proceeding on the supplemental complaint makes issues which are tried as an ordinary civil action. 2 Mason Minn. St. 1927, § 9367; Wildner v. Ferguson, 42 Minn. 112, 43 N. W. 794, 6 L. R. A. 338, 18 A. S. R. 495; First Nat. Bank v. Brass, 71 Minn. 211, 73 N. W. 729; Parke, Davis & Co. v. Mewhirter, 150 Minn. 234, 185 N. W. 648; Hansen v. Wilmers, 162 Minn. 139, 202 N. W. 708. It is to this action that the garnishee shall be made a party upon the filing of the supplemental complaint by § 9367. But that the garnishment itself is pending against the garnishee from the date of the service of the garnishment summons upon him and is merely continued to trial and judgment by the supplemental complaint is too well settled by our decisions in Mahoney v. McLean, Trunkey v. Crosby, and S. E. Olson Co. v. Brady, *supra*, to be now questioned. Milwaukee B. & I. Works v. Brevoort, 73 Mich. 155, 41 N. W. 215, and other cases cited by respondents, do not sustain their contention. On the contrary, they are in accord with our holding that garnishment is an ancillary, not an independent, action. The action to enforce the liability under the bonds was commenced at the time of the service of the garnishment summonses, which was within one year after filing the notice of claim by Sampson.

■ Our decision in Shandorf v. Standard Surety & Cas. Co. 198 Minn. 96, 268 N. W. 843, is not *res judicata* that this action was not brought within one year from the filing of the notice of claim

by Sampson. We simply decided that that action, by the assignee of Sampson's claim, was not commenced within one year after the filing of the statutory notice, and we pointed out that the two actions were separate, in the following language [198 Minn. 98]:

"This is an entirely separate and distinct proceeding. Even though that action [the instant one] was on the contractors' bonds and even though it may have been commenced within one year after the filing of the statutory notice, surely those facts could have no bearing in determining whether or not this action was brought within the statutory period of limitation."

On the second trial the parties stipulated that the commissioner of insurance would testify that the notice of claim of Joe Sampson, a copy of which is attached to the notice of motion to amend the supplemental complaint, was filed in his office on August 13, 1932. The point was not raised below and cannot be raised for the first time on appeal. Clearly, it is without merit.

■ The amount due to Sampson was not a contingent liability not garnishable under 2 Mason Minn. St. 1927, § 9360. The argument is that Sampson had not paid certain claims for labor and equipment in an amount in excess of $968.09 at the time the garnishment was commenced; that by reason thereof Sampson failed to perform his contract and that payment of the money due from S. & S. to Sampson was conditioned or contingent upon such payments by him. The contract was oral, not written. Its terms are not set forth in full. The parties stipulated that Sampson, as part of the contract of employment, agreed to pay the expenses of furnishing the equipment and men on the project, and "that there was nothing in the agreement between Sampson and the S. & S. Contracting Company which required the defendant Sampson to pay the said expenses and bills before receiving the amount which he may have earned for said work from the S. & S. Contracting Company."

Whether covenants are dependent so that performance by one party is conditioned upon performance by the other, or independent so that performance is not so conditioned, is a matter of intention.

A covenant on the one part is independent of a covenant on the other part for the payment of money for performance of a contract if the day appointed for such payment is to happen or *may happen* before performance of such covenant. O'Brien v. Liberty Mining Co. 164 Minn. 186, 204 N. W. 625; Sparrow v. Sparrow, 172 Minn. 91, 214 N. W. 791. In Noyes v. Brown, 142 Minn. 211, 215, 171 N. W. 803, the rule was applied in holding that a vendor in a contract for deed could sue to recover the purchase price without performing or offering to perform his covenant to convey where the vendee covenanted to pay the purchase price in full before performance by the vendor of his covenant to convey. The rule formulated by Serjeant Williams in a note to Pordage v. Cole, 1 Wms. Saund. 319i, 320b, 1 Lev. 274, is quoted, of which the part material here is:

"If a day be appointed for payment of money * * * and the day is to happen, or *may happen*, before the thing which is the consideration of the money * * * is to be performed, an action may be brought for the money * * * before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for performance of that, which is the consideration of the money or other act." See 17 Minn. L. Rev. 419.

The most important element in determining the dependency of covenants is the relative order of performances fixed by the contract. 3 Williston, Contracts (Rev. ed.) § 829. Sampson on his part agreed to do two things: (1) Perform work and furnish equipment; and (2) pay all bills and expenses for labor and equipment. S. & S. agreed to pay him for the work and the equipment on the basis of their value. Ordinarily, performance of the entire contract by Sampson, including both the doing of the work and furnishing of equipment, and the payment of all bills and expenses for material and equipment, would be required before he would be entitled to payment from S. & S. 3 Williston, Contracts (Rev. ed.) § 830; Cunningham v. Jones, 20 N. Y. 486; Stewart v. Newbury, 220 N. Y. 379, 115 N. E. 984, 2 A. L. R. 519; Martin v. Flahive, 112 App. Div. 347, 98 N. Y. S. 577; Farm Supplies Corp. v. Goldstein, 240

App. Div. 330, 270 N. Y. S. 430. Compare, Restatement, Contracts, § 289; 3 Williston, Contracts (Rev. ed.) § 858. But in this case the parties have agreed that Sampson was not bound by the contract to make the payments required of him before he was entitled to payment for doing the work and furnishing the equipment. The contract has made the payments by Sampson independent of the payments due to him from S. & S. Nonperformance of an independent covenant merely raises a cause of action for its breach and does not constitute a bar to the right of the party making it to recover for breach of the promise made to him. O'Brien v. Liberty Mining Co. *supra*, 164 Minn. 190, 204 N. W. 625; Noyes v. Brown, *supra*. In the absence of a provision in the contract requiring performance of a covenant such as we have here before the contractor shall be entitled to receive payment, retention, or recoupment of the amount due for breach thereof protects the party entitled to the benefit of the covenant so that he gets substantially that for which he contracted. Town of Birch Cooley v. First Nat. Bank, 86 Minn. 385, 90 N. W. 789; 3 Williston, Contracts (Rev. ed.) § 805.

National Exch. Bank v. Solberg, 175 Minn. 436, 221 N. W. 677; Johnson v. Laurence, 171 Minn. 202, 214 N. W. 24, and similar cases are not in point because they involved contracts in which the contractor agreed, as part of the contract, to pay for labor and material before he was to receive payment from his employer. In such a case the employer's obligation is conditioned upon performance of the contractor's covenant to pay his bills for labor and materials. Buttrick Lbr. Co. v. Collins, 202 Mass. 413, 89 N. E. 138; Franklin v. Schultz, 23 Mont. 165, 57 P. 1037; Huckestein v. Kelly & Jones Co. 152 Pa. St. 631, 25 A. 747; Jahn & Co. v. Mortgage T. & S. Bank, 97 Wash. 504, 166 P. 1137. Since in this case the amount due from S. & S. to Sampson was not so conditioned, the cases cited to the contrary are not in point. The amount due from S. & S. to Sampson was not due upon a contingency.

■ Respondents urge that there should be an affirmance because there is no competent proof of the amount due Sampson. It is admitted that Sampson performed services and furnished men, fuel,

machinery, and equipment to S. & S. between July 6 and August 12, 1932, and that he was paid only $46.35. Plaintiff recovered a judgment in supplemental proceedings against garnishee S. & S. Contracting Company in the sum of $5,230.00, of which $46.35 has been paid. The judgment was received in evidence over respondents' objection under a reserved ruling on its admissibility. No finding was made as to the amount due Sampson. Plaintiff contends that the judgment is evidence of the indebtedness against the sureties. The sureties contend that it is not evidence against them because they were not parties to the proceedings in which plaintiff recovered the judgment. A judgment recovered against the principal named in the bond for a breach of its conditions in an action in which the surety is not a party is not evidence against the surety for any purpose except the fact of its rendition. Pioneer S. & L. Co. v. Bartsch, 51 Minn. 474, 53 N. W. 764, 38 A. S. R. 511; American Bldg. & Loan Assn. v. Stoneman, 53 Minn. 212, 54 N. W. 1115. The numerical weight of authority is to the contrary, but the rule announced in our decisions is in accord with sound principle and is sustained by a large number of authorities. 4 Williston, Contracts (Rev. ed.) § 1256, notes 2 and 3. See McConnell v. Poor, 113 Iowa, 133, 84 N. W. 968, 52 L. R. A. 312. An exception has been made in this state with respect to official bonds. Beauchaine v. McKinnon, 55 Minn. 318, 56 N. W. 1065, 43 A. S. R. 506; Hursey v. Marty, 61 Minn. 430, 63 N. W. 1090. In Beauchaine v. McKinnon, *supra,* we indicated an intention to depart from the rule of the Bartsch case only in cases involving official bonds, but otherwise to abide by the rule of that case. We said [55 Minn. 322]:

"The counsel for appellants have cited and relied upon the very recent case of Pioneer Sav. & Loan Co. v. Bartsch, 51 Minn. 474 (53 N. W. Rep. 764) [38 A. S. R. 511]. We regard the views therein set forth as sound on principle, and rest satisfied with the conclusion therein reached; but for the reasons before mentioned we adopt the *prima facie* rule as the most practical and desirable one when official bonds are involved."

A judgment against the principal named in a bond is evidence against the surety where the surety is apprised of the pendency of the action with notice and opportunity to defend. Hersey v. Long, 30 Minn. 114, 14 N. W. 508; Trustees of First Presbyterian Church v. U. S. F. & G. Co. 133 Minn. 429, 158 N. W. 709; Milavetz v. Oberg, 138 Minn. 215, 164 N. W. 910. But this is not such a case. After the issuance of the garnishment summons and the disclosures, plaintiff filed a supplemental complaint against S. & S. Service of the notice of the application for leave to file the supplemental complaint and service of the supplemental complaint were made only on S. & S. The sureties were not apprised of the proceeding nor were they notified that they were called upon to defend the same. Under such circumstances, the judgment is *res inter alios* as to them.

■ That any recovery by plaintiff will be substantial is apparent from the fact that Sampson furnished labor, men, fuel, machinery, and equipment to the subcontractor between July 6 and August 12, 1932, and received only $46.35. If there were a new trial, competent proof could be produced to prove the claim. In Erickson v. Minnesota & Ontario Power Co. 134 Minn. 209, 158 N. W. 979, we held that where the plaintiff made out a *prima facie* case showing that he is entitled to recover substantial damages, but that through inadvertence or other cause competent proof of the amount has not been made, a new trial will be granted. This is such a case.

Reversed and new trial granted.