TWOHY MERCANTILE COMPANY v. O. C. MELBYE.[1]

June 7, 1901.

Nos. 12,559—(132).

### Conversion of Trust Fund—Interest.

The defendant deposited certain money in bank, which the plaintiff garnished. The intervenor claimed that he was the equitable owner thereof, for the reason that the deposit was the result of a trust fund converted by his trustee, the defendant. *Held*:

1. The evidence is sufficient to trace and identify the fund sought to be impressed with a trust in favor of the intervenor as the avails of the fund so converted, and to sustain the finding and decision of the trial court to the effect that the intervenor is entitled to the money garnished, and that it be paid to him.

2. The trial court erred in ordering judgment against the plaintiff for the interest on the money pending the litigation.

Action in the district court for Clay county against O. C. Melbye, defendant, and the First National Bank of St. Paul, garnishee. Thore Alme intervened as claimant of funds disclosed by

1 Reported in 86 N. W. 411.

the garnishee to the amount of $401.55. The issues between the intervenor and plaintiff were tried before Baxter, J., who found that the intervenor was entitled to judgment against the garnishee for $401.55, and against the plaintiff for interest on that sum from January 1, 1898, the date of the garnishment. From an order denying a motion for a new trial, plaintiff appealed. Modified.

*Tillotson & Campbell* and *Oscar Hallam,* for appellant.

*C. A. Nye,* for respondent.

START, C. J.

In December, 1897, and January, 1898, the Thorpe Elevator Company of Minneapolis, hereinafter designated as the company, was engaged in buying grain at Ulen, this state, and the defendant herein was then its paying agent. It was his duty to pay the checks issued by the company's buying agent, and whenever he needed money for that purpose he would draw drafts upon the company, which were paid. On December 27, 1897, Thore Alme was indebted to John T. Odegaard, of Minneapolis, in the sum of $401.55, upon a real-estate mortgage. This sum, in currency with nothing for exchange, was on the day named intrusted by Alme to defendant, to be sent by him to pay the mortgage. The latter placed the money in his safe by itself, and retained, as he claims, $385 of it for the purpose of paying grain checks issued by the company's buying agent, and in place thereof he drew a draft for that amount on the company, dated December 30, 1897. At the same time he purchased a bank draft for $200, and in paying for it he used the remaining $16.55 so intrusted to him. These drafts he sent to the First National Bank of St. Paul for collection and credit, and each of them was paid and placed to his credit. On the same day he sent his check for $401.55 on the First National Bank of St. Paul to a bank in Minneapolis in which Odegaard, who was then absent from the state, kept his account, with the request that it be placed to his credit in payment of the mortgage. Before this check was presented the defendant's account in the First National Bank of St. Paul was garnished by the plaintiff, and payment of the check was refused for this reason and returned to the defendant. Thereafter Alme intervened in this action,

claiming to be the equitable owner of the money on deposit in the garnished bank to the extent of $401.55. Issue was joined between him and the plaintiff as to which was entitled to this sum. Neither the garnishee nor the defendant answered or took any part in the litigation. On the first trial of the issue the trial court made findings of fact and conclusions of law in favor of the intervenor, Alme. The plaintiff appealed from an order denying its motion for a new trial, and this court reversed the order and granted a new trial for the reason that the findings were not justified by the evidence. Twohy Mercantile Co. v. Melbye, 78 Minn. 357, 81 N. W. 20. The second trial resulted in similar findings in favor of the intervenor, and again the plaintiff appealed from an order denying its motion for a new trial.

There is and can be no question but that the defendant held the $401.55 as a trust fund, but the question on this appeal, as on the former one, is whether the evidence is sufficient to trace and identify the fund sought to be impressed with a trust as the avails of the fund wrongfully converted by the defendant. It was held, in effect, on the first appeal that if it were shown that the defendant used $385 of the money intrusted to him by the intervenor in paying the grain checks of the company, and that a draft in place thereof was drawn on the company, and the avails of the draft deposited in the garnished bank, it would constitute a sufficient tracing of the fund, so as to impress the deposit with a trust in favor of the intervenor. The case, however, was reversed for the reason that the evidence was not sufficient to establish the facts so assumed. There was on the first trial, as stated in the court's opinion on the former appeal, no evidence that the draft was in any way connected with the intervenor's money, and in absence of such evidence the presumption was that the grain checks paid by the defendant were issued by himself, and that he used the intervenor's money in his own business. But there was evidence on the second trial tending to show that the defendant never used a dollar of the trust money in his own business or for his own benefit; that he used $385 thereof in payment of the obligations of the company, and in place of it drew the draft on the company, and the proceeds thereof were deposited in the garnished bank;

and that he did so as a means of getting the intervenor's money, without any expense, to Minneapolis to pay the mortgage. Such, in effect, was the testimony of the defendant upon his direct examination; but it is claimed on behalf of the plaintiff that the cross-examination, and the state of the defendant's account at the time with the company, as shown by its books at Minneapolis, conclusively show that he was mistaken in his direct examination, and that in fact the evidence on the last trial was substantially as it was on the first one. The true condition of the defendant's account with the company at the time the draft was drawn, if material, would not necessarily be shown by the company's books at Minneapolis, but by his own at Ulen, which were not offered in evidence. The weight to be given to the defendant's testimony in view of all the evidence, including his cross-examination, was a question for the trial court. The evidence shows that $16.55 of the trust money was invested in the $200 draft, which was also deposited in the bank. Upon the whole record, we hold that the findings of fact of the trial court are reasonably sustained by the evidence.

The trial court, as a conclusion of law, ordered judgment against the garnishee for $401.55, and against the plaintiff for the interest on this sum from January 1, 1898, in favor of the intervenor. The plaintiff claims that it was error to charge it with such interest. The intervenor's complaint makes no claim against the plaintiff for damages by reason of loss of interest on the $401.55 pending the litigation. Whether he can recover from the plaintiff for loss of interest on this money, in a proper action, on the ground that the plaintiff, by wrongfully attaching money equitably belonging to him, thereby kept him out of the use of it during the litigation, we need not decide; for it is clear that such damages cannot be recovered in this proceeding. The intervenor is only a party to the garnishee proceedings for the purpose of asserting his claim to the fund garnished, and the sole issue tendered by his complaint of intervention is that he, and not the plaintiff, is entitled to the fund. Or, in other words, this is simply a contest between the intervenor, as claimant, and an attaching creditor, as to which one of them the garnishee must pay the money; hence there can-

not be a judgment for or against either of the parties to the issue for damages for preventing the money from being paid to the other pending the litigation. It follows that the only judgment to which the intervenor is entitled is one to the effect that he is the owner of the money garnished, to the amount of $401.55, and that it be paid to him by the garnishee, and that he recover his costs and disbursements against the plaintiff. Mahoney v. McLean, 28 Minn. 63, 9 N. W. 76.

The case is therefore remanded, with directions to the district court to amend its conclusions of law and cause judgment to be entered as we have here indicated.