### ELLERY v. PEOPLE'S BANK.

(Supreme Court, Appellate Term. January 8, 1909.)

1. BANKS AND BANKING (§ 148*)—PAYMENT OF CHECK BY BANK—LIABILITY.
   Where a bank pays a check on another bank, made payable to the order of the payee, to a person who indorsed the payee's name thereon, if the person had no authority to make the indorsement, the bank is liable to the payee for the face value of the check, with interest.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 441; Dec. Dig. § 148.*]

2. BANKS AND BANKING (§ 155*)—CONVERSION OF CHECK BY BANK—ACTIONS—BURDEN OF PROOF.
   In an action by the payee of a check for conversion thereof against a bank, alleged to have paid the face value to a person who indorsed the payee's name thereon without authority, the burden was upon the payee to prove that the person had no authority to indorse the check, that the payee never ratified her act in making the indorsement, that he was not estopped by his negligence from claiming that the indorsement was not authorized, and that he suffered damage from the alleged conversion.
   [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 155.*]

3. BANKS AND BANKING (§ 155*)—CONVERSION OF CHECK—ACTION—EVIDENCE.
    Evidence *held* to show that a person who indorsed the payee's name on a check and procured payment thereof at a bank had no authority to make the indorsement.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 155.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph E. Ellery against the People's Bank. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Hirsch, Scheuerman & Limburg (Morris J. Hirsch and Herbert R. Limburg, of counsel), for appellant.

Charles O. Maas and Lawrence W. Trowbridge, for respondent.

PER CURIAM. The action is to recover damages arising from an alleged conversion of a check payable to the order of plaintiff. It is undisputed that the indorsement, "Joseph E. Ellery," is in the handwriting of Helen E. Flack, whose name appears as second indorser, and that it was deposited by her with defendant People's Bank, which received payment therefor through the New York Clearing House, and credited Miss Flack's account with the proceeds. There is no difference of view urged by the respective counsel as to the law applicable to the case. It is clear that defendant is liable to the plaintiff for the face value of the check in suit, with interest, if the indorsement of plaintiff's name, who was the payee, by Miss Flack, was made by Miss Flack without authority to make such indorsement. An authority on this point is the case of Schmidt v. Garfield National Bank, 64 Hun, 298, 19 N. Y. Supp. 252, affirmed 138 N. Y. 631, 33 N. E. 1084.

The question litigated is purely one of fact. The burden was upon plaintiff to prove that Miss Flack had no authority to indorse the check, that the plaintiff never ratified her act in making the indorsement, that plaintiff is not estopped by his negligent conduct from claiming the indorsement was not authorized, and that he suffered damage by reason of the alleged conversion. The evidence taken at the trial consists of upwards of 600 pages of typewritten matter, and it will serve no useful purpose to discuss the record in detail. The relations between plaintiff and Miss Flack were brought out in the testimony at great length, and are shown to be quite extraordinary and unusual. It clearly appears, however, that defendant bank had no knowledge of the relations that existed between Miss Flack and plaintiff. It took the check because she was its depositor. The plaintiff's bank account was in another institution. Miss Flack's testimony, bearing upon the issues in the case, is highly improbable, and the documentary proof is emphatically contradictory of her testimony, and does not support the claim of defendant that in taking the check in question and indorsing plaintiff's name thereon she acted with his authority. We consider the preponderance of proof as overwhelmingly in favor of plaintiff's contention, and that the preponderance of evidence shows

conclusively that Miss Flack had no authority to indorse plaintiff's name upon the check in question.

We find the conclusion of the learned trial justice correct, and hold that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.