**Bentley, Murray & Company, Plaintiff in Error, v. LaSalle Street Trust & Savings Bank, Defendant in Error.**

**Gen. No. 21,091.**

1. BANKS AND BANKING, § 146*—*when payment of check on forged indorsement constitutes conversion.* A bank paying a check drawn on it on a false or forged indorsement is liable to the payee, for conversion.

2. TROVER AND CONVERSION, § 11*—*when maintainable for negotiable paper.* Trover may be maintained for notes and bills.

3. TROVER AND CONVERSION, § 47*—*what measure of damages for conversion of negotiable paper.* In an action of trover for notes and bills, the measure of damages is, prima facie, the amount of the face value of the paper.

4. BILLS AND NOTES, § 154*—*when forged indorsement does not pass title.* A forged indorsement does not pass title to commercial paper negotiable only by indorsement and does not justify the payment of such paper.

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the March term, 1915. Reversed and judgment here. Opinion filed January 3, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MAYER, MEYER, AUSTRIAN & PLATT, for plaintiff in error.

WILLIAM S. MILLER and F. H. BENGEL, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment of *nil capiat* rendered in an action by plaintiff in error, a corporation, against defendant in error for the conversion of three checks, amounting in all to $354, drawn by George Kleine to the order of plaintiff on defendant's predecessor, the La Salle Street National Bank. The checks were the property of plaintiff and were paid by the bank on which they were drawn and returned to the drawer. They were indorsed in the name of the plaintiff by one Robertson, who had no authority to indorse the same. The custody of the checks was delivered by Kleine to the plaintiff to enable the plaintiff to introduce the same in evidence at the trial of the cause. The defendant bank took over the assets and assumed the liabilities of the La Salle Street National Bank.

The controlling question in the case is whether the La Salle Street National Bank, having acquired possession of the checks through false or forged indorsement, was liable to the payee for their conversion. The principal contention of defendant in error is that there was no conversion by its predecessor, the La Salle Street National Bank, of the checks, or misappropriation of the proceeds thereof.

We are of the opinion that when Robertson handed a check to the La Salle Street National Bank and was paid the amount thereof, the bank converted such check. In *McCombie v. Davis*, 5 East, 538, 540, Lord Ellenborough said:

"A man is guilty of conversion who takes my property by assignment from another who has no authority to dispose of it. For what is that but assisting that other in carrying his wrongful act into effect?"

Trover may be maintained for notes and bills, and the measure of damages is prima facie, the amount of their face. It is well settled that a forged indorsement does not pass title to commercial paper negotiable only by indorsement and does not justify the payment of such paper. *Graves v. American Exchange Bank,* 17 N. Y. 205; *People v. Bank of North America,* 75 N. Y. 547; *Robinson v. Chemical Nat. Bank,* 86 N. Y. 404; *Shaffer v. McKee,* 19 Ohio St. 526; *Fine Arts Society v. Union Bank,* 12 Q. B. Div. 705; *Rauch v. Fort Dearborn Nat. Bank,* 223 Ill. 507.

In *Williams v. Wall,* 60 Mo. 318, the plaintiff was the owner of a draft, which one Bailey won from him at gambling. Bailey indorsed it over to the defendant, who had knowledge of the facts. The defendant collected the proceeds of the draft and the plaintiff sued him in conversion. The statute of Missouri makes absolutely void the indorsement of negotiable instruments made in connection with gambling transactions.

The court said:

"A wrongful taking or assumption of a right to control or dispose of property constitutes a conversion; indeed any wrongful act which negatives or is inconsistent with the plaintiff's right is *per se* a conversion. * * * The authorities are not wanting * * * that the same liability attaches to the unauthorized act, whether the actor was conscious of the wrong he was committing or not."

To the same effect is *Chapin v. Dake,* 57 Ill. 295, where Dake lost in gambling two drafts for $1,000 each, indorsed the same and delivered them to Donaldson, and they subsequently came into the hands of Chapin & Gore, indorsees and bona fide holders, and it was held that the indorsement of the drafts was void, and that the property in them was still in Dake.

In Brannan's Negotiable Instruments Law (2nd Ed.), in a note to section 189, the author refers to the case of *Baltimore & O. R. Co. v. First Nat. Bank,* 102 Va. 753, and says:

"A drawee bank paid and charged to the account of the drawer checks indorsed by an agent of payee who had no authority to indorse or collect checks, and who appropriated the money. Held, that the bank was not liable to the payee in assumpsit for money had and received.    *    *    *    It would seem that the plaintiff misconceived his remedy and that he should have sued the bank for conversion of checks belonging to him. *Ellery v. People's Bank,* 114 N. Y. Supp. 108."

The cases cited and relied on by counsel for appellee; *National Bank of Republic v. Millard,* 10 Wall. (U. S.) 152, *First Nat. Bank v. Whitman,* 94 U. S. 343, and *Rauch v. Bankers Nat. Bank,* 143 Ill. App. 625, are all cases where the payee of the check brought assumpsit, and it was held that because of the lack of contractual relations between the payee and drawee assumpsit could not be maintained, and have no application to a case where the payee alleges the conversion of the checks.

In our opinion the plaintiff is entitled to recover from the defendant the amount of the checks and interest thereon, and the judgment is reversed and judgment entered here for $450.35 and the costs in this court.

*Reversed and judgment here for four hundred and fifty dollars and thirty-five cents ($450.35).*