## JOHN EASTMAN AND ANOTHER v. FARMERS STATE BANK OF OLIVIA AND ANOTHER.[1]

September 28, 1928.

No. 26,790.

**When deposit of fund in trust before insolvency of bank makes depositor a preferred creditor afterward.**

Where a bank, before its insolvency, had received a fund in trust and commingled it with its own money, after such fact is proved by the cestui que trust claiming a preference, the burden shifts to the receiver to show that the assets were not augmented by that fund or, in any event, did not increase the amount of assets coming into his hands. Under the facts in this case, it was of no moment that the cash balance of the bank, subsequent to the receipt of the trust fund and before its insolvency, on numerous occasions was less than the amount of such trust fund, the current ordinary banking personal property assets being several times that amount. Plaintiffs' claim should be allowed as a preference but without interest thereon.

Banks and Banking, 7 C. J. p. 751 n. 78; p. 752 n. 81.

See note in 1 L.R.A.(N.S.) 252; 3 R. C. L. 554; 1 R. C. L. Supp. 853.

Action in the district court for Renville county to recover as a preferred claim an amount paid in trust by plaintiffs to the defendant bank before its insolvency to be used in partial payment of a mortgage on a farm owned by the plaintiffs. There was judgment, Qvale, J. for the plaintiffs, from which the defendants appealed. Affirmed.

*D. F. Nordstrom,* for appellants.

*Murray & Baker,* for respondents.

HILTON, J.

Appeal from a judgment in favor of plaintiffs.

Plaintiffs were tenants in common of a 320-acre farm in Renville county encumbered by a mortgage for $17,365, due in February, 1926. There was also a ditch lien against the property of $3,013.10. Plaintiffs arranged with the Farmers State Bank of Olivia, of which they were not regular customers, to procure for

[1]Reported in 221 N. W. 236.

them a loan on said farm in the sum of $17,000 and, in writing, authorized the bank to represent them in connection therewith. The purpose of the loan was to pay off the ditch lien and apply the balance thereof toward the discharge of the mortgage, the remainder of the amount necessary therefor having been otherwise arranged for.

Plaintiffs executed a mortgage on the farm to an insurance company, which was delivered and recorded; the bank on February 25, 1926, received $16,846.86, the net proceeds of said loan, and the same was credited upon the books of the bank to the account of "John Eastman, et al. Loan Account." It paid the ditch lien but made no payment on the outstanding first mortgage. On April 29, 1926, the bank being insolvent, was taken possession of for liquidation purposes by defendant Veigel as commissioner of banks; a demand was made by plaintiffs upon him for the payment of $13,833.76 as a preferred claim. The commissioner refused to make payment or to allow the preference, and this action is to compel him to do both. It is conceded that the bank held the money in question as a trust fund for a specific purpose and failed to fulfil its duty in that regard.

On April 29, 1926, when the bank was taken over, it had personal property aggregating $69,427.37, consisting of loans and discounts, $63,463.23; overdrafts, $3,777.85; cash items, $1,300.90; cash on hand, $885.39. Further assets, including banking house and other real estate, furniture and fixtures in the sum of $18,957.63, made the total assets $88,385. The liabilities were $70,320.92. At the close of business on February 25, 1926, when plaintiffs' money came into possession of the bank, it had a cash balance of $17,286.07, thus showing that its cash on hand on that day, without plaintiffs' money, was but $439.21. From February 25, 1926, to April 29, 1926, the cash on hand varied from $17,286.07 to $844.13, the latter being the cash on hand April 27, 1926, the lowest amount of any day during that period. Judgment was entered for $15,403.86, which included $1,542.95 interest and $27.15 costs. The judgment also made the amount thereof a preferred claim.

Defendants concede that plaintiffs are entitled to judgment for $844.13. It is agreed that the interest item so included in the judgment should be deducted. Twohy Merc. Co. v. Melbye, 83 Minn. 394, 86 N. W. 411.

The real question in this case is, must plaintiffs' preference recovery be limited to the smallest amount of cash on hand in the bank at any time between February 25, 1926, and the day the bank closed, April 29, 1926, or were they entitled to recover and receive as a preference the full amount of the trust funds that the bank received and failed to use in carrying out the terms of the trust? In other words, if the assets of the bank were augmented by this trust fund in the sum of $13,833.76, will that fact require a payment as a preferred claim of that amount even though the cash assets were at one time during that period but $844.13?

1. Defendants contend that in order to establish a preferred claim in this case it was necessary for plaintiffs to prove that the funds or the amount of the same came into the hands of the commissioner of banks and cites cases from other jurisdictions to that effect. The holding in Minnesota however is to the contrary. Stein v. Kemp, 132 Minn. 44, 155 N. W. 1052. The burden of proof goes no further than to require plaintiffs to show that the money actually came into the hands of the bank. That such was a fact is conceded. Had there been on hand the day that Veigel as superintendent took charge of the bank an amount in cash equal to or greater than the balance of the trust funds in question, plaintiffs would have been entitled to full payment as a preferred creditor. This proposition is supported by numerous authorities and is conceded. Blythe v. Kujawa, 175 Minn. 88, 220 N. W. 168, and cases cited.

The court, among other things, found as a fact that:

"The defendant bank did not keep said moneys as a special and separate deposit but on the contrary fraudulently deposited and mingled the amount of said trust funds * * * with its general assets and thereby augmented and increased such assets in that amount."

There was no objection to this finding, and the same is not assigned as error. The court further found:

"That defendant bank failed to perform, fulfill and discharge its duty with respect to the sum of $13,833.76 of said trust funds, and wrongfully and fraudulently used the same in the transaction of its common or ordinary business and applied the same in payment of various of its obligations, and converted the same into other property which went to make up the general assets of the bank."

There was no request for amended findings of fact and no motion for a new trial. Although there was no direct proof as to the last portion of the above finding, still the presumption is that it is correct, and from the proof introduced the inference may naturally follow. This presumption is rebuttable, but defendants failed to offer any proof toward that end.

Even though the bank as trustee failed to perform its duty in applying the money toward the payment of the first mortgage, the court was not required to presume that its officers committed a crime by embezzling the money or that this money was not used in a proper way in the conduct of the banking business. If the funds were not used in legitimate banking operations, it was incumbent upon defendant Veigel so to show; he had in his possession all information relative to the operations of the bank. Plaintiffs' money undoubtedly increased the amount of net assets received by the commissioner of banks, the personal property portions thereof being more than five times the amount of plaintiffs' claim and the total face assets received by him being $18,000 more than the bank liabilities.

Authorities are cited by defendants in which property charged with a trust had been turned over to an innocent party who in good faith had taken it in the usual course of business. They have no bearing in a case such as we are considering. Here the bank itself was the trustee; the money received augmented and increased its assets. Among such cases cited are Jones v. Chesebrough, 105 Iowa, 303, 75 N. W. 97, and Bradley v. Chesebrough, 111 Iowa, 126, 82 N. W. 472. In each of these cases "action was brought by a depositor who had deposited money held by him in a trust capacity

with a bank which afterward became insolvent, and it was sought
to obtain preference on the theory that the trust character of the
funds in the hands of the depositor followed and attached said
funds in the hands of the bank. In neither case was the deposit
or the possession of the funds [by the bank] wrongful." The fore-
going is quoted from the case of Whitcomb v. Carpenter, 134 Iowa,
227, 230, 111 N. W. 825, 10 L.R.A.(N.S.) 928, in which it is held that
the Jones and Bradley cases were not in point.

The conclusions that we reach are amply supported by the
following authorities: Blythe v. Kujawa, 175 Minn. 88, 220 N. W.
168; Whitcomb v. Carpenter, 134 Iowa, 227, 111 N. W. 825, 10
L.R.A.(N.S.) 928; Page County v. Rose, 130 Iowa, 296, 106 N. W.
744, 5 L.R.A.(N.S.) 886, 8 Ann. Cas. 114; First Nat. Bank v.
Hummel, 14 Colo. 259, 23 P. 986, 8 L. R. A. 788, 20 A. S. R. 257;
Central Nat. Bank v. Conn. Mut. Life Ins. Co. 104 U. S. 54, 26
L. ed. 693; Independent District of Boyer v. King, 80 Iowa, 497,
45 N. W. 908; McLeod v. Evans, 66 Wis. 401, 28 N. W. 173, 214, 57
Am. R. 287; Kimmel v. Dickson, 5 S. D. 221, 58 N. W. 561, 25
L. R. A. 309, 49 A. S. R. 869; Davenport Plow Co. v. Lamp, 80
Iowa, 722, 45 N. W. 1049, 20 A. S. R. 442; Northwest Lbr. Co. v.
Scandinavian Am. Bk. 130 Wash. 33, 225 P. 825, 39 A. L. R. 922;
City of Lincoln v. Morrison, 64 Neb. 822, 90 N. W. 905, 57 L. R. A.
885; Peters v. Bain, 133 U. S. 670, 693, 10 S. Ct. 354, 33 L. ed. 696;
Woodhouse v. Crandall, 197 Ill. 104, 64 N. E. 292, 58 L. R. A. 385;
City of New Hampton v. Leach, 201 Iowa, 316, 207 N. W. 348;
Stilson v. First State Bank, 152 Iowa, 724, 133 N. W. 354; Murray
v. North Liberty Sav. Bank, 196 Iowa, 729, 195 N. W. 354; Leach v.
Iowa State Bank, 202 Iowa, 887, 211 N. W. 529; Eifel v. Veigel, 169
Minn. 281, 287, 211 N. W. 332; 3 R. C. L. 181, et seq.

On principle and as a matter of right and justice, under the facts
in this case, we hold that the amount of plaintiffs' preference should
not be limited to the small cash item referred to. They are en-
titled to recover the amount of the judgment less the interest por-
tion thereof. The decision of the trial court was correct. The
interest will be deducted from the judgment, and the judgment as
so reduced will stand affirmed.