FOKKEN, Respondent, v. SMITH, Superintendent of Banks, Appellant.

(235 N. W. 120.)

(File No. 6822. Opinion filed February 27, 1931.)

*Perry F. Loucks,* of Watertown, and *T. B. Thorson,* of Pierre, for Appellant.

*R. A. Dunham* and *F. G. Bohri,* both of Clark, for Respondent.

ROBERTS, J.   Plaintiff brought this action to have an amount, which he claimed had been received by the defendant, State Bank & Trust Company, as the proceeds of a loan for the purpose of paying off a mortgage, declared to be a trust in possession of the superintendent of banks, who assumed charge of the defendant bank for the purposes of liquidation, two days after the money had been deposited for the purpose mentioned.   Trial in the circuit court resulted in judgment in favor of the plaintiff, directing the payment of the amount received by the defendant bank from the plaintiff and interest thereon pro rata with all other preferred claims, and this judgment was affirmed on appeal.   The opinions are reported in 52 S. D. 342, 217 N. W. 512, and 53 S. D. 378, 220 N. W. 869, where a more extended statement of facts may be found.   The full amount of the trust and interest thereon to date of judgment has been paid, and, on refusal of the superintendent of banks to pay accrued interest from entry of judgment, the plaintiff applied to the circuit court for an order directing the defendant, superintendent of banks, to show cause why an order should not be entered directing and requiring him to pay interest accrued upon the judgment from the date thereof, together with the costs and disbursements taxed in favor of the plaintiff.   After hearing upon the order to show cause, the court entered an order directing the superintendent of banks to pay to the plaintiff such costs and also interest upon the judgment from the date thereof to the 27th day of August, 1928, at the rate of 7 per cent per annum, amount-

ing to $1,385,58, from which order the superintendent of banks has appealed.

This court in the first appeal held that the question of the right to claim interest to the time of entry of judgment was not properly presented, and such question is not before the court at this time. We are called upon to determine on this appeal whether interest at the legal rate accrues upon the judgment after entry.

[█] The claim of the plaintiff was based, and the action was tried, on the theory set out in the complaint that the plaintiff was entitled to recover a trust fund in the possession of the superintendent of banks in charge of the defendant bank for purposes of liquidation. The plaintiff, having tried this action on a trust theory, was not entitled to a judgment for preference in distribution. Though some confusion has entered into the decisions by the use of the term "preferred claim," no right to preference arises from a judgment for the recovery of a trust fund. The Equitable Trust Co. v. Brass & Mfg. Corp. (C. C. A.) 290 F. 712. A cestui que trust is entitled to a judgment for the return of the money or property which he has traced and identified, and not to a judgment for payment of his claim over unsecured creditors out of assets in the possession of a trustee.

The judgment does not allow interest in express terms, and this record presents no question as to the right of the trial court to allow interest for the wrongful detention of trust money as damages.

The relationship of debtor and creditor never existed between the plaintiff and the defendant bank. The money was traced and identified as a trust, and plaintiff demanded that it be restored to him, not as a debt, but for the reason that he had never been divested of title to the money. This is nothing more nor less than an action to recover property, and plaintiff's rights with respect to interest do not differ from the recovery of properties other than money. Though plaintiff may seek the recovery of his property in a substituted form, it nevertheless is his property, and the nature of the action is not changed. In Holmes v. Gilman, 138 N. Y. 369, 34 N. E. 205, 206, 20 L. R. A. 566, 34 Am. St. Rep. 463, the New York Court of Appeals, in discussing the nature of an action to recover a trust fund, said:

"The right has its basis in the right of property, and the court proceeds on the principle that the title has not been affected by the change made of the trust funds, and the cestui que trust has his option to claim the property and its increased value as representing his original fund. The right to follow and appropriate ceases only when the means of ascertainment fail. It is a question of title."

■ Plaintiff was entitled to a judgment for the return of the money which he traced and identified, but no interest can be awarded thereon. It would be unjust and inequitable to pay interest to the plaintiff out of funds belonging to the creditors of the bank. Hallett v. Fish (C. C.) 123 F. 201; Poisson et al v. Williams (D. C.) 15 F. (2d) 582; State v. Page Bank of St. Louis County (Mo. Sup.) 14 S. W. (2d) 597; Northwest Lumber Co. v. Scandinavian-Amer. Bank et al, 130 Wash. 33, 225 P. 825, 39 A. L. R. 922; Twohy Merc. Co. v. Melbye, 83 Minn. 394, 86 N. W. 411.

■ The trial court made an order requiring the superintendent of banks to segregate the trust fund and deposit same in a depository approved by the court. During the period of such segregation, the fund drew interest at the rate of 2 per cent per annum. The creditors of the defendant bank have no valid claim to the interest thus earned upon the trust, and plaintiff is entitled to recover such amount as an increment.

■ The appellant also contends that the court erred in requiring him, as superintendent of banks, to pay in full out of the assets of the bank the costs taxed in the trial court and on appeal, that a judgment for costs is a common claim, and that plaintiff will share equally thereon in the payment of dividends with the depositors and unsecured creditors of the defendant bank. The Legislature, by the enactment of chapter 74, Session Laws of 1929, amending section 8938, Rev. Code 1919, providing that "judgments for costs heretofore or hereafter procured against a suspended or insolvent bank or against the Superintendent of Banks in any litigation instituted by or against any suspended or insolvent bank or against or by the Superintendent of Banks, in the liquidation of any suspended or insolvent bank shall be paid in full out of the assets of said bank," has made express provision for the payment of judgments for costs in the liquidation of suspended or insolvent banks.

Plaintiff is entitled to payment of costs in full out of the assets of the bank.

The order appealed from is reversed, and the cause remanded, with directions to enter an order directing payment of costs previously taxed and interest actually received on the trust fund during the period of its segregation in conformity to this opinion.

POLLEY, P. J., and CAMPBELL, BURCH, and WARREN, JJ., concur.