The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. Kaspar American State Bank.
Fred A. Gurdes, Appellee, v. Arthur Meyer, Receiver of Kaspar American State Bank, Appellant.

Gen. No. 37,936.

Opinion filed November 20, 1935. Rehearing denied December 4, 1935.

McFARLAND, MORGAN & McFARLAND and LORD, LLOYD & BISSELL, all of Chicago, for appellant; A. C. WETTER-STORM and GORDON R. CLOSE, both of Chicago, of counsel.

HUBBARD, BAKER & RICE, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

From the record it appears that the respondent as receiver of the Kaspar American State Bank, a corporation, appealed from an order which the court entered approving the master's report, overruling the receiver's exceptions thereto and allowing the intervening petitioner's claim against Arthur Meyer, as receiver, and not personally, in the sum of $3,563.91, with legal interest thereon from October 18, 1927 to July 12, 1932; that on December 12, 1932, Fred A. Gurdes, filed his intervening petition against the respondent. The petition alleges that the intervening petitioner was the owner and payee of Berwyn City Warrant No. 38,054 for $3,563.91, that the intervening petitioner's indorsement thereon as payee was forged, and that on October 18, 1927, the Kaspar American State Bank indorsed and cashed the warrant, and collected it from the City of Berwyn, and that thereby that bank converted the warrant, and the receiver of the bank, the

respondent in this case, is liable for the amount of the warrant with interest.

The petition of the intervening petitioner and the receiver's answer thereto were referred to a master, who found in favor of the intervening petitioner, and on September 18, 1934, the court entered the order which was appealed from.

The first question presented to this court is that the receiver is not liable to the intervening petitioner for the conversion of the Berwyn City Warrant No. 38,054 for $3,563.91, or for the proceeds thereof, owing to the fact that the warrant was never delivered to the intervening petitioner, and therefore he did not own it.

The Supreme Court in the case of *Independent Oil Men's Ass'n v. Ft. Dearborn Nat. Bank,* 311 Ill. 278, said:

"It seeks to recover (from the bank) the value of its property which came into the hands of plaintiff in error and for which plaintiff in error refuses to account. Defendant in error might have brought an action of trover against plaintiff in error for unlawful conversion of its property, but it chose to waive the tort and to bring its action in assumpsit for money had and received for its use. That it had a right to do this is well established by the great weight of authority. Defendant in error ratifies the collection of the check for it, and by this act ratifies the assumed payment of the check. Both the drawer and the drawee of the check are released from paying it over again, because the payee, by ratifying the payment, is estopped from making a claim against either."

This view of the law is held applicable to the facts in the instant case. There is no question but that the intervening petitioner's name was forged by the indorsement appearing on the back of the Berwyn City warrant, and that by the filing of the petition the petitioner waived any further right of action as against

the City of Berwyn, and by so doing ratified the assumed payment of the check, and the City of Berwyn was released from paying it over again because of the payee's ratification of the payment. The intervener is, therefore, estopped from making a claim as against the City of Berwyn, and the question of the delivery of the check is not important.

The fact remains that the check did leave the possession of the City of Berwyn, and the intervening petitioner's name was forged and the Kaspar State Bank received the amount due the intervening petitioner, and by that act converted the money to its own use.

The next contention made by the respondent is that the claim of the intervening petitioner is barred by the statute of limitations and by laches, and in support of this contention calls to our attention the case of *White v. Meadowcroft,* 91 Ill. App. 293. However, upon an examination of this authority it would seem that there is a distinction between cases at law and actions in chancery; that in a chancery action the receiver is regarded as a trustee for the parties in interest and that the statute will not run in favor of the trustee; that the action before us is a chancery proceeding for the purpose of winding up the affairs of the Kaspar State Bank, which had closed its doors and, upon a petition filed by the auditor of public accounts of the State of Illinois, the respondent was appointed as receiver for the bank.

In an interesting opinion of this court in the case of *Fox v. Produce Cold Storage Exchange,* 192 Ill. App. 301, the court quoted from *Dunne v. Portland St. Ry. Co.,* 40 Ore. 295, as follows:

" ' . . . Every creditor has, after the filing of a bill, an inchoate interest in the suit to the extent of its being considered as a demand, and to prevent his being shut out because the plaintiff has not obtained a decree

within the six years.' . . . It is unimportant, therefore, so far as the statute of limitations is concerned, at what time the intervening creditors become parties, if the original suit was commenced in time; for, as each creditor appeared and proved his claim, he had a right, as said in *Richmond v. Irons, supra,* 'to be considered as a party complainant from the beginning.' ''

So it appears that the rights of the intervening petitioner were fixed as of the date of the filing of the bill to wind up the affairs of the bank, against which this claim is made, and that at that time the statute of limitations was not a defense and did not bar the action of the intervening petitioner.

Upon the question of whether the court erred in allowing the intervener interest at the rate of five per cent per annum from the 18th day of October, 1927, the date the bank collected the proceeds of the check, to the 12th day of July, 1932, the date the bill was filed to liquidate the bank, the case of *Gillet v. Chicago Title & Trust Company,* 230 Ill. 373, is cited as sustaining the order entered by the trial court that the petitioner should be entitled to interest down to the date of the filing of the bill, and the Supreme Court said, in effect, that the rights of all creditors, including claim for interest, are fixed when the court takes jurisdiction of the property. *Hamlin's Wizard Oil Co. v. United States Express Co.,* 265 Ill. 156; chap. 74, par. 2, Illinois State Bar Stats. 1935. See also *Bentley, Murray & Co. v. La Salle St. Trust & Savings Bank,* 197 Ill. App. 322. The respondent contends, however, that the intervening petitioner gave no notice of forgery and made no demand until he filed his petition on December 12, 1932. This would be inequitable. In this case the bank received the money by the forged indorsement, and retained it, thus depriving the intervening petitioner of this money which the bank unjustly received.

Having considered the questions before us, we are of the opinion that the order appealed from must be affirmed.

*Order affirmed.*

HALL, P. J., concurs.

SULLIVAN, DENIS E., J., took no part.