12 So.2d 88

**FARISH, Superintendent of Banks, et al. v. HOLLEY.**

**4 Div. 251.**

Supreme Court of Alabama.

Feb. 11, 1943.

Mulkey & Mulkey, of Geneva, for appellants.

It was improper to allow interest on the claim of appellee. People v. American Loan & Trust Co., 172 N.Y. 371, 65 N.E. 200; Thomas v. Western Car Co., 149 U.S. 116, 13 S.Ct. 824, 37 L.Ed. 663; Ex parte Hernlen, 156 S.C. 181, 153 S.E. 133, 69 A.L.R. 445. The Superintendent should not be required to pay costs in litigating this claim, where its status must be judicially determined. There was no basis upon which to rest the decree for complainant. Woco Pep Co. of Montgomery v. Montgomery, 227 Ala. 261, 149 So. 692; W. E. Herron Motor Co. v. First Nat. Bank, 226 Ala. 434, 147 So. 198.

H. Grady Tiller, of Geneva, for appellee.

21

**LIVINGSTON, Justice.**

This is an appeal from a final decree of the Circuit Court of Geneva County, in Equity, granting relief to appellee, Julia Mayo Holley, under a bill filed by her against the Farmers and Merchants Bank of Samson, and H. H. Montgomery, as Superintendent of Banks of the State of Alabama, in charge of the liquidation of the Farmers and Merchants Bank of Samson. By amendments the cause was kept alive against the succeeding superintendents of banks in charge of said liquidation.

The Farmers and Merchants Bank of Samson suspended business, closed its doors and went into the hands of the State Banking Department of Alabama for liquidation on November 29, 1929.

The record contains the following agreement as to facts:

"It is agreed that on November 20, 1929, a check in the amount of $1000.00 was issued by Alcazar Benefit Association, by O. C. Humphries as secretary, drawn on the First National Bank of Montgomery, Alabama, payable to the order of Julia Mayo Holley, with notation on the face of said check as follows:

" 'In full payment of certificate #1249-Dr. J. H. Holley.'

"Said check being endorsed by Mrs. Julia Mayo Holley and further endorsement appearing thereon as follows:

" 'Pay to the order of any bank, banker or trust company. All prior endorsement guaranteed. November 22, 1929, Farmers and Merchants Bank, Samson, Alabama. W. M. Wise, Vice-Pres. 61-184.'

"Further endorsement appearing thereon as follows:

" 'The Fourth National Bank, Montgomery, Ala., paid No. 25, 929 through clearings G. T.'

"Said check being perforated as follows:

" 'Paid 11 25 29 61.42'. * * *

"It is further agreed that on the 22nd day of November, 1929 the original check as identified and with the endorsement of Mrs. Julia Mayo Holley was presented to the respondent bank, that she received therefor a deposit slip, said check being accepted, and on the 23rd of November, 1929 a bank book showing the deposit of $1000.00 was duly delivered to the complainant. It is further agreed that on November 26, 1929 a check in the amount of $58.17 was drawn on said account and that on the same day of November 26, 1929 a second check in the amount of $205.00 was duly drawn on said account and was paid.

"It is further agreed that on the 29th day of November, 1929 the board of directors of the respondent bank passed the proper resolution turning over to the Superintendent of Banks of the State of Alabama all of the assets of the Farmers and Merchants Bank of Samson, a corporation, respondent in this cause, for liquidation. That on and after said date said bank was in the hands of D. F. Green, who was at that time Superintendent of Banks of the State. It is further agreed that following the delivery of said assets to the Superintendent of Banks, J. B. Pinckard of Samson, Alabama, was appointed as liquidating agent, for the liquidation of the assets of said bank. It is

further agreed that on the day the assets of the respondent, The Farmers and Merchants Bank of Samson, were turned over to the Superintendent of Banks of the State of Alabama that there was in the tills of the said bank cash in the amount of $1647.95. It is further agreed that on the 23rd day of November, 1929 the Farmers and Merchants Bank of Samson had on hand in cash the sum of $5700.24; that on November 24 was Sunday; that on November 25, 1929 said bank had in its tills in cash $4684.24: and that on November 26 the said bank had in its tills in cash $4167.00; that on November 27, 1929 said bank had in its tills in cash $3886.71; and that November 29, 1929 was a legal holiday.

"It is further agreed that the two checks herein mentioned, namely the check for $58.17 and the check for $205.00 were the only withdrawals from the said $1000.00 deposited by the complainant in this cause, and that at the time said bank closed on the 29th day of November, 1929 there was to her credit the sum of $736.83 in said bank.

"It is further agreed by and between the parties hereto that the check hereinabove referred to which was payable to the order of Mrs. Julia Mayo Holley in the sum of $1000.00 was deposited by the Farmers and Merchants Bank to its credit in the Fourth National Bank of Montgomery, Alabama, which said bank was one of the corresponding banks of the respondent, The Farmers and Merchants Bank of Samson and that said check was deposited in the said Fourth National Bank in Montgomery to the credit of said respondent on the 25th day of November, 1929.

"It is further agreed that on November 25, 1929, the Farmers and Merchants Bank of Samson had on deposit in the Fourth National Bank of Montgomery the sum of $3142.93; on November 26, 1929, $4967.60; on November 27, 1929, $772.60; on November 29, 1929, being the day said bank closed, it had on deposit in the Fourth National Bank the sum of $2062.47 and that said money was turned over to the Superintendent of Banks or his liquidating agent, Mr. J. B. Pinckard. * * *

"It is agreed that the complainant filed a written claim with H. H. Montgomery, who was Superintendent of Banks at the time of the filing of said claim on the 28th day of November, 1932, that said claim was filed as a preferred claim and that thereafter on December 2, 1932 said claim was disallowed as a preferred claim."

Brief of counsel for appellant contains the following: "We concede that the Samson bank was insolvent at the time, and that under the influence of our statute, section 3403, Code of 1923, (now Title 5, section 139, Code of 1940), and the decision in the Woco-Pep case, 227 Ala. 261, 149 So. 692, hereinafter cited, the officers were charged with knowledge thereof."

In our opinion the evidence is ample to support a finding that appellee, Mrs. Julia Mayo Holley, did not know of the insolvency of the Samson bank at the time she deposited the check for $1,000 on November 22, 1929.

The amended bill prays, in the alternative, that the court decree that the relationship of trustee and cestui que trust exist between appellee and appellants, and that appellee's claim of $736.83, together with the interest thereon, is a preferred claim against the Farmers and Merchants Bank of Samson, payable out of the sum of $2,602.47, received by the Superintendent of Banks from the Fourth National Bank of Montgomery, Alabama; and if the said Superintendent of Banks has disposed of said funds or commingled them with other funds of said bank, then a lien be declared upon other assets of said bank in favor of appellee, and that the Superintendent of Banks be ordered and directed, if necessary, to sell enough of said assets to satisfy appellee's claim and interest, and for general relief.

The trial court made and entered a decree finding in effect: (1) That the relationship of trustee and cestui que trust existed between appellee and appellants; (2) that the Fourth National Bank deposit, in the sum of $2,602.47, had been commingled with other funds of the Samson bank by the Superintendent of Banks; (3) that appellee's claim is preferred over that of common or ordinary creditors of the Samson bank; (4) that appellee has an equitable lien upon the funds of the Samson bank to the extent of $1,148.80, the amount of appellee's preferred claim with interest. The decree orders and directs the Superintendent of Banks to pay to appellee the sum of $1,148.80 in preference to the common or ordinary creditors of the Samson bank, and that appellants be taxed with the cost of court incurred in the litigation.

It is agreed that the Farmers and Merchants Bank of Samson was insolvent, and that the officials of said bank knew of such insolvency at the time appellee, Mrs.

Holley, deposited the check for $1,000.00 on November 22, 1929, which was within ten days before the bank closed its doors for business; and, as stated before, the evidence is ample to support a finding that Mrs. Holley did not know of such insolvency at that time. The receiving of the deposit under such circumstances was a fraud upon the depositor, and ownership of the check would remain in her, at least until it reached the hands of a bona fide purchaser. The relationship of trustee and cestui que trust was thereby created. Woco Pep Co. of Montgomery v. Montgomery, 227 Ala. 261, 149 So. 692, and authorities there cited; Code of 1923, section 3403, Title 5, section 139, Code of 1940.

Confessedly, under the agreed statement of facts, the proceeds of said check never actually reached the vaults of the Samson bank, but went into and became a part of the checking account of the Samson bank with the Fourth National Bank of Montgomery.

In the case of Robinson v. Williams, 229 Ala. 692, 159 So. 239, 241, the rule relative to tracing trust funds in cases of this sort is stated by Mr. Justice Foster, as follows:

"The rule prevails in Alabama that when a bank wrongfully mixes trust funds indiscriminately with its other funds, from which the operations of the bank are conducted, for an appreciable period of time, it cannot be said at the end of such transactions that the trust money or any part of it was in possession of the bank. Nixon State Bank v. First State Bank, 180 Ala. 291, 60 So. 868; Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 So. 754; Bank of Florence v. United States Sav. & Loan Co., 104 Ala. 297, 16 So. 110.

"But when the misappropriated fund can be kept in view, traced, and ultimately located in some particular batch of money, it or its equivalent in value may be recovered by the wronged cestui que trust. Woco Pep Co. v. Montgomery, 227 Ala. 261, 149 So. 692; Hanover Nat. Bank v. Thomas, 217 Ala. 494, 117 So. 42; Hutchinson v. National Bank of Commerce, 145 Ala. 196, 41 So. 143.

"Those principles do not conflict, but mean that if trust funds are commingled by a bank with its general mass of money, and out of it all the bank continues to operate, receiving and paying out of such commingled fund, it cannot be said that the trust moneys are to be found in what remains. This is not the rule in all states. Leach v. Farmers' Sav. Bank, 205 Iowa 114, 213 N.W. 414, 217 N.W. 437, 56 A.L.R. 801, notes 806, et seq.; Smith v. Reddish, 113 Fla. 20, 151 So. 273; 65 C.J. 975. It is so in Alabama.

"On the other hand, if the trust money is so kept and situated that it is shown to have gone into the hands of the receiver, though along with other moneys, it is in that manner traced within the rule and a preference may be declared."

It is perfectly clear that the appellee, Mrs. Holley, has traced and ultimately located her money in the checking account of the Samson bank with the Fourth National Bank of Montgomery. Her property augmented the assets of the Samson bank. The checking account with the Fourth National Bank went into the hands of the receiver. Appellee's money is in that manner traced within the rule, and a preference may be declared.

The decree of the lower court provides for the payment of interest on appellee's claim, presumably from the date the Samson bank went into the hands of the Superintendent of Banks for liquidation. In this there was error.

The courts have, as a general rule, in cases where the assets of a bank being liquidated are insufficient to pay all preferred and general claims against the bank, declined to allow interest on preferred claims, accruing subsequent to the time when the affairs of the bank are taken charge of by public authorities. Furthermore, delay in the payment of a claim against an insolvent bank in liquidation is not ground for allowing interest thereon where it is occasioned by litigation over the right of the claim to a preference. The defunct bank has a right to the litigation of questions involved in a claim made against it, and the general creditors should not be penalized because of the exercise of this prerogative. 7 Am.Jur. pp. 536, 537, section 745; Leach v. Sanborn State Bank, 210 Iowa 613, 231 N.W. 497, 69 A.L.R. 1206, and annotations.

An exception to this rule has been recognized in some cases in which interest has been awarded as damages to the date of closing of the bank on funds wrongfully withheld by it. People, ex rel. Nelson v. Kaspar American State Bank, 282 Ill.App. 434. And in cases where the obligation or

the fund held is for some reason earning interest and an allowance of such interest has been deemed proper. Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192. It has also been held that where the trust fund has been segregated in the hands of the receiver and has earned interest, the claimant is entitled thereto. Fokken v. Smith, 58 S.D. 124, 235 N.W. 120.

An analysis of the facts in the case of Woco Pep Co. v. Montgomery, supra, will reveal that the decision there rendered does not militate against a holding that Mrs. Holley is not entitled to interest under the facts in the instant case.

The cost of court was taxed against the respondents, appellants here. It was not taxed against the Superintendent of Banks, generally, but against the Superintendent of Banks as liquidating agent of the Samson bank, and is payable out of the funds of that bank. There was no error here.

A judgment will be here entered that the Superintendent of Banks of Alabama, as liquidating agent of the Farmers and Merchants Bank of Samson, pay to Mrs. Julia Mayo Holley the sum of $736.83, less an amount equal to twenty-two and one-half percent. of said sum, previously paid to Mrs. Holley as dividends, out of the funds of the said Farmers and Merchants Bank of Samson, now in her hands, and less the cost of this appeal here taxed against the appellee; and that said Superintendent of Banks of Alabama pay the cost of court of the lower court. As thus modified, the decree is affirmed.

Modified and affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.